Jeanne F. POLAN, Petitioner-Respondent-Cross Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, and State of Wisconsin Tax Appeals Commission, Appellants-Cross Respondents.

Court of Appeals

*No. 87–0244. Argued March 10, 1988.—Decided November 23, 1988.*

(Also reported in 433 N.W.2d 640.)

For the appellants-cross respondents there were briefs by *Donald J. Hanaway,* attorney general, and

*Gerald S. Wilcox,* assistant attorney general, and oral argument by *Gerald S. Wilcox,* assistant attorney general.

For the petitioner-respondent-cross appellant there were briefs by *Linda S. Balisle* and *Charles E. Neider* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* of Madison, and oral argument by *Linda S. Balisle.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   The Wisconsin Department of Revenue appeals from an order declaring that sec. 71.337(1), Stats. 1975[1] violates the constitutional rights of Jeanne F. Polan.[2] This statute provides that a gain or a loss by a liquidating corporation on the sale of its property is not recognized to the corporation for purposes of computing the Wisconsin franchise tax, to the extent that the gain or loss is participated in by Wisconsin resident shareholders. Taxpayer Polan is a nonresident shareholder of the corporation. The order reversed the decision of the Wisconsin Tax Appeals Commission which had affirmed an assessment of the

---

[1] Unless otherwise indicated, all references are to the 1975 statutes.

[2] Section 71.337(1), Stats., provides:

> If a corporation adopts a plan of complete liquidation, and within the 12–month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then gain or loss shall not be recognized to such corporation from the sale or exchange by it of property within such 12–month period to the extent that such gain or loss is participated in by Wisconsin resident shareholders.

This section remained unchanged until its repeal by 1987 Wis. Act 27, sec. 1470m.

corporation's tax (which the corporation had not paid) against the shareholder under sec. 71.11(21n).[3] The shareholder cross-appeals.

The issues are: (1) whether the assessment against the shareholder is barred by the four-year statute of limitations in sec. 71.11(21)(bm), Stats., (2) whether sec. 71.337(1) applies so as to recognize gain to the corporation when its nonresident and only shareholder will sustain a loss by reason of the liquidation distribution, (3) whether the shareholder has standing to challenge the constitutionality of sec. 71.337(1), (4) whether she is estopped from raising the constitutional issue, and (5) whether sec. 71.337(1) violates the rights of nonresident shareholders under art. IV, sec. 2, cl. 1, the privileges and immunities clause of the United States Constitution.

We conclude that the four-year statute of limitations is inapplicable; sec. 71.337(1), Stats., applies whether or not a nonresident shareholder has a loss; the shareholder has standing to challenge sec. 71.337(1) and is not estopped from raising the constitutional issue; and under the circumstances before us, the statute denies to the shareholder the privileges and immunities guaranteed to her by the Constitution. We therefore affirm the circuit court order.

---

[3]Section 71.11(21n), Stats., provides in relevant part:

If all or substantially all of the business or property of a corporation is transferred to one or more persons and the corporation is liquidated, dissolved, merged, consolidated or otherwise terminated, any tax imposed by this chapter on such corporation may be assessed and collected as prescribed in this section against the transferee or transferees of such business or property. Notice shall be given to such transferee or transferees under sub. (22) within the time specified in sub. (21) irrespective of any other limitations imposed by law.

The facts are stipulated. The taxpayer resided in Illinois and was the sole shareholder of Burr Oaks Camp, Ltd., an Illinois corporation, until its dissolution on May 17, 1976. The corporation operated a camp in Wisconsin. The basis of the taxpayer's stock in the corporation was $235,874.00. She acquired her stock in 1973. She has filed no Wisconsin state income tax returns for the years 1976–79.

In 1976 the corporation executed a plan of complete liquidation pursuant to sec. 337 of the Internal Revenue Code. Pursuant to that plan, the corporation sold its Wisconsin real estate for $650,000 and realized a net gain of $366,967.87. After paying its nontax liabilities, the corporation distributed its remaining assets of $190,361.48 to its sole shareholder, Polan. She realized a $45,512.52 loss on the distribution, which she claimed on her 1976 federal income tax return.

On May 30, 1978, the department sent the corporation a franchise tax assessment notice for the 1976 calendar year in the amount of $20,578.30, including $18,011.64 in tax and $2,566.66 in interest. The corporation petitioned for a redetermination of the assessment, the department denied the petition and the corporation did not seek further administrative or judicial review of that denial.

On April 27, 1981, the department assessed the shareholder for the corporation's tax liability, pursuant to sec. 71.11(21n), Stats., in the amount of $24,857.52, which included the $18,011.64 tax and interest. The department denied her petition for redetermination and she appealed to the Wisconsin Tax Appeals Commission, which affirmed the assessment. She petitioned the circuit court for review. That

court entered the order which has resulted in the appeal and cross-appeal before us.

1. *Statute of Limitations*

The assessment against the taxpayer is made under sec. 71.11(21n), Stats. That statute provides that if all or substantially all of the property of a corporation is transferred to one or more persons and the corporation is liquidated, any tax imposed by ch. 71 (which imposes the franchise tax) on the corporation may be assessed against the transferees. The statute provides for notice of the additional assessment under sec. 71.11(22).

The shareholder contends that because the notice was given more than four years from the date the franchise tax return was filed, the assessment against her is barred under sec. 71.11(21)(bm), Stats. The department contends that the appropriate statute of limitations is six years under sec. 71.11(21)(g)1. Notice was given within that period. The meaning of a statute is a question of law which we resolve without deference to the trial court's reading of it. *St. John Vianney Sch. v. Janesville Ed. Bd.*, 114 Wis. 2d 140, 151, 336 N.W.2d 387, 391 (Ct. App. 1983).

Section 71.11(21), Stats., provides in pertinent part:

> (a) Additional assessments ... may be made by income of any taxpayer if notice pursuant to section 71.11(22) is given within the time specified in this subsection.
>
> (bm) With respect to assessments of income received in the calendar year 1954 or corresponding fiscal year, and in subsequent years, such notice shall be given within 4 years of the date the income tax or franchise tax return was filed.

655

> (g) Notwithstanding any other limitations expressed in this chapter, an assessment or refund may be made:
>
> 1. If notice of assessment is given within 6 years after a return was filed, if the taxpayer reported for taxation on his or her return less than 75% of the net income properly assessable ....

The corporation filed its 1976 Wisconsin franchise tax return on September 15, 1976. For "net income" the return reported a loss of $133,187.64. Attached to the return was a copy of the plan of liquidation, and a statement of the details of the sale, including the $366,967.87 gain, date of sale, that a distribution and complete liquidation was made on May 17, 1976, that no assets were retained by the corporation, and that the $190,361.48 distribution was made to the shareholder at her Illinois address.

For purposes of construing sec. 71.11(21)(bm) and (g)1, Stats., the shareholder and the department treat her as the taxpayer referred to in those sections. Section 71.11.(21)(bm), the four-year statute, applies, unless subsec. (g)1 is applicable. We conclude the latter subsection is applicable, and therefore the notice of assessment against the shareholder was timely given.

We reach that conclusion because we later hold in this opinion that the corporation was required by sec. 71.337(1), Stats., to recognize all of the gain from the sale. Although the tax return advised the department of the details regarding the sale and liquidation, in the words of sec. 71.11(21)(g)1, the return reported "less than 75% of the net income properly assessable."

*A. O. Smith Corp. v. Department of Revenue,* 43 Wis. 2d 420, 428, 168 N.W.2d 887, 891 (1969), justifies

our reading of the six-year statute. The *A. O. Smith* court said of the language "net taxable income properly assessable" in sec. 71.11(21)(g), Stats. 1959:[4]

> The clear meaning of such language indicates that the statute is concerned with reporting the amount of income which is taxable, *i.e.,* properly assessable. If the legislature was only concerned with the accuracy of the amount of net income reported on the form, as the taxpayer contends, then there would be no need for the words "properly assessable." we view "properly assessable" to mean *properly subject to tax liability.* The phrase "net taxable income properly assessable" refers to the figure set forth in the return upon which the tax rate is applied and which the taxpayer indicated by its return was "none."

43 Wis. 2d at 428, 168 N.W.2d at 891 (emphasis added).

The facts in *A. O. Smith* were such that the department had to conduct an audit to determine that a substantial amount of "net taxable income properly assessable" existed, and the court said, "[I]t is reasonable that the respondent [department] should have an additional period to investigate and make an assessment." *Id.* at 429, 168 N.W.2d at 891. Here the department needed no additional period to investigate since the corporation's return revealed all of the facts. But *A. O. Smith* does not require that the department need more time to investigate for sec. 71.11(21)(g)1, Stats., to apply. The "additional period" language was unnecessary to the opinion, since the *A. O. Smith*

---

[4]The word "taxable" was deleted from the phrase "net taxable income properly assessable" by ch. 163, Laws of 1965, sec. 75g to better conform with the definition of "net income" in sec. 71.02(1), Stats. *A. O. Smith Corp. v. Department of Revenue,* 43 Wis. 2d 420, 430, 168 N.W.2d 887, 892 (1969).

court had previously declared that sec. 71.11(21)(g) has a "clear meaning." *Id.* at 428, 168 N.W.2d at 891.

We disagree with the shareholder's claim that this reading of sec. 71.11(21)(g), Stats., allows the department the six-year statute of limitations whenever it interprets a statute differently than does a taxpayer. The department enjoys the longer statute of limitations only if the department's interpretation is correct. This is hardly unusual. As is so often the case, which statute of limitation applies may turn on which legal theory applies to the established facts.

2. *Standing and Collateral Estoppel*

Our law of standing is not narrowly or restrictively construed. *Wisconsin's Environmental Decade, Inc. v. PSC,* 69 Wis. 2d 1, 13, 230 N.W.2d 243, 249 (1975). The quintessence of standing to raise a constitutional issue is that the party seeking to invoke the court's power to resolve the controversy has such a personal interest in the outcome as will ensure that adverseness likely to result in good presentation of the issues. *Bence v. Milwaukee,* 107 Wis. 2d 469, 479, 320 N.W.2d 199, 203 (1982). If the plaintiff has a distinct and palpable injury traceable to the challenged conduct, that satisfies the personal stake requirement. *Id.* at 479, 320 N.W.2d at 204. Whether a party has standing is a question of law. *Mogilka v. Jeka,* 131 Wis. 2d 459, 467, 389 N.W.2d 359, 362 (Ct. App. 1986).

Here the shareholder is potentially liable for over $24,000 by virtue of an assessment against her under sec. 71.11(21n), Stats. That liability traces to sec. 71.337(1). Although the tax imposed by sec. 71.337(1) is on the corporation, if that tax is invalid to the extent

it arises out of her nonresident status, she wins this suit and avoids personal liability. This is enough. We conclude that she has standing to contest the constitutionality of the latter statute.

The state also contends that the shareholder is collaterally estopped from attacking the constitutionality of sec. 71.337(1), Stats., since as the only shareholder she could have directed the corporation to appeal the assessment against it, either at the administrative or judicial level. The department urges that the finality to the corporation for its failure to appeal should bind the shareholder as being in privity with the corporation. We disagree.

Collateral estoppel precludes relitigation of an issue previously determined by a final judgment in an action between the same parties. *State ex rel. Flowers v. H&SS Department,* 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978). The doctrine applies to matters which might have been litigated as well as those which were. *Leimert v. McCann,* 79 Wis. 2d 289, 293, 255 N.W.2d 526, 528 (1977). For the doctrine to apply, there must be an identity between the parties or their privies and an identity between the issues. *Id.* at 294, 255 N.W.2d at 529. Whether the doctrine applies is a question of law.

The doctrine does not apply in this case. No identity of issues has been shown. The privileges and immunities issue was not raised in the litigation between the corporation and the department. The corporation could not raise the issue on its own behalf, since it is not a citizen for purposes of the privileges and immunities clause. *WKBH Television, Inc. v. Dept.*

*of Revenue,* 75 Wis. 2d 557, 572, 250 N.W.2d 290, 297 (1977).

Whether a corporation may raise the privileges and immunities issue, based solely on the rights of its shareholders, is questionable. *Id.* The department has not briefed or argued this issue on appeal, although after the *WKBH* decision it was on notice that this issue exists. We deem abandoned a position turning on a point of law known to exist but not briefed or argued. *Compare Reiman Associates v. R/A Advertising,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981) (issue raised but not briefed is deemed abandoned). We conclude that collateral estoppel does not bar the shareholder from raising the privileges and immunities issue.

3. *Statute's Applicability When Nonresident Shareholder Suffers a Loss*

The shareholder submits that sec. 71.337(1), Stats., is ambiguous because it can be differently understood when, as here, the liquidating corporation has a gain on a sale but its nonresident and only shareholder will sustain a loss on the final distribution. She asserts that the legislative history of sec. 71.337(1) shows a purely remedial purpose: to allow Wisconsin to capture a tax which would otherwise not be collected from nonresidents. She concludes that the statute was not meant to create a new tax on nonresident shareholders or to tax a nonresident shareholder when a similarly situated Wisconsin shareholder would not be taxed, and that the statute should be construed accordingly. Statutory construction raises a question of law which we decide *de novo.*

*Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

We reject the shareholder's proposed construction of sec. 71.337(1), Stats. The statute is plain. It states a condition under which no gain or loss is recognized to the corporation on its sale or exchange of property. It contains no qualifying language to the effect that gain is not recognized to the corporation if the liquidation results in a loss to a nonresident shareholder.

Reasonable persons cannot understand the statute otherwise. For that reason, the statute is unambiguous. *St. John Vianney,* 114 Wis. 2d at 150, 336 N.W.2d at 391. We will not resort to its legislative history to create an ambiguity, *State v. Derenne,* 102 Wis. 2d 38, 45–46, 306 N.W.2d 12, 15 (1981), and we may not look at its legislative history for a meaning contrary to is plain words.

4. *Rights and Immunities of Shareholder as Nonresident*

The shareholder contends, and the trial court agreed, that as applied to her, sec. 71.337(1), Stats., violates her rights under U.S. Const. art. IV, sec. 2, cl. 1, which provides, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

The trial court followed the privileges and immunities analysis outlined in *Taylor v. Conta,* 106 Wis. 2d 321, 330–36, 316 N.W.2d 814, 819–822 (1982). That analysis examines the distribution of the tax burden between citizens and noncitizens to determine whether the law disadvantages noncitizens, determines whether the discrimination violates a fundamental right, and determines whether the state's discrimina-

tory treatment of noncitizens is within the bounds set by the Constitution.

The trial court concluded that when a corporation realizes a gain and its only shareholder a loss, the practical effect of sec. 71.337(1), Stats., is to place a substantially more onerous tax burden on a nonresident shareholder than on a similarly situated resident shareholder. The court noted that had shareholder Polan resided within Wisconsin, she would have escaped taxation entirely. The court concluded that the statute, as applied, disadvantages nonresidents. We agree.

The state argues that sec. 71.337(1), Stats., imposes no tax. It simply prescribes the circumstances under which a gain or loss is recognized to a liquidating corporation and imposes no tax upon either resident or nonresident shareholders.

If, however, as here, the liquidating corporation fails to pay the franchise tax resulting from recognition of gain to the corporation, then the nonresident shareholder may be assessed the amount of the unpaid tax under sec. 71.11(21n), Stats. In the realest of senses, then, the effect of sec. 71.337(1) in these circumstances is to tax the nonresident shareholder.

We therefore agree with the trial court that the practical effect of sec. 71.337(1), Stats., is to impose a greater tax burden on a nonresident shareholder than on a similarly situated resident shareholder. If this same corporation instead had a resident shareholder, no tax would have been imposed on the corporation's gain. If that shareholder suffered a loss as a result of the dissolution, he or she would have borne no Wisconsin tax. A nonresident sole shareholder, on the other hand, to whom the tax is assessed bears the brunt of the tax. Section 71.337(1) disparately treats

nonresident shareholders who are the corporation's only shareholders, who sustain a loss on their stock as a result of liquidation, and against whom the corporation's tax is assessed.

This disparate treatment affects a fundamental right. A noncitizen of this state has a right to be exempt from higher taxes than the state imposes on its own citizens. *Taylor,* 106 Wis. 2d at 336, 316 N.W.2d at 822.

The test for constitutionality of this discriminatory treatment is "whether the means employed bear a substantial relation to legitimate state objectives." *Id.* at 341, 316 N.W.2d at 824. With respect to a nonresident shareholder who has a gain following liquidation, sec. 71.337(1), Stats., has legitimate state objectives: it produces tax revenue, avoids a double tax at the shareholder level, and prevents nonresident shareholders from altogether escaping the tax. *WKBH,* 75 Wis. 2d at 570, 250 N.W.2d at 296. That disparate treatment is justified. But when applied to this nonresident shareholder, the statute imposes a tax on her in spite of her loss, a tax which a similarly situated resident shareholder would not have suffered. It is this discrimination, one which was not involved in *WKBH,* which the state must justify.

To justify this discrimination, the state points out that Wisconsin cannot tax intangible income of nonresidents, *Newport Co. v. Tax Comm.,* 219 Wis. 293, 306, 261 N.W. 884, 889 (1935), and therefore a nonresident's intangible capital gains and losses are not within Wisconsin's taxing jurisdiction. The state asserts that to judge the constitutionality of the statute by its impact on individual shareholders would create

an "administrative nightmare," since in liquidations involving nonresident shareholders the state would have to determine whether each nonresident shareholder has a gain or a loss.

The state, however, has provided no factual basis for us to weigh the seriousness of the claimed administrative inconvenience. And this is true even though the *Taylor* decision put the state on notice that if it relies on administrative convenience to justify a statute discriminating between residents and nonresidents, it must show a factual basis for its claim. *Taylor,* 106 Wis. 2d at 338 n. 17, 347, 316 N.W.2d at 823, 827. The stipulated facts contain no information regarding the number of corporations which have been liquidated in Wisconsin in any given year, much less the number of nonresident shareholders involved in those liquidations.[5] It is impossible to determine from this record whether administrative convenience or inconvenience justifies discriminatory treatment of nonresidents. *Compare W.C.M. Window Co., Inc. v. Bernardi,* 730 F.2d 486, 497–98 (7th Cir. 1984) (since state should have known that to justify statutory preference for residents "some evidence" was necessary but provided no data to "illuminate the costs and benefits of the law," state failed to justify discrimination).

We conclude that the state has failed to show a justification for the discrimination effected by sec.

---

[5]In *Kuhnen v. Musolf,* 143 Wis. 2d 134, 420 N.W.2d 401 (Ct. App. 1988), we examined a privileges and immunities challenge to another tax statute. We noted the need for facts upon which we can base a determination that administrative convenience justifies discriminatory treatment of nonresidents. *Id.* at 150, 420 N.W.2d at 408.

71.337(1), Stats., against nonresident shareholders who are the corporation's only shareholders and who sustain a loss where the liquidating corporation has a gain. The statute violates the privileges and immunities clause of the United States Constitution with respect to such shareholders.

*By the Court.*—Order affirmed.