Curtis R. VORWALD, Plaintiff-Appellant,

v.

SCHOOL DISTRICT OF RIVER FALLS, River Falls
Board of Education, and Charles R. Brenden, Super-
intendent of Schools, Defendants-Respondents.†

Court of Appeals

*No. 90–1908–FT. Submitted on briefs December 10,
1990.—Decided January 29, 1991.*

(Also reported in 466 N.W.2d 683.)

† Petition to review pending. This petition was not disposed
of at the time the volume went to press. Its disposition will
be reported in a later volume.

On behalf of the plaintiff-appellant the cause was submitted on the briefs of *Edward F. Vlack* of *Davison & Vlack* of River Falls.

On behalf of the defendants-respondents the cause was submitted on the brief of *Cassandra B. Westgate* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Curtis Vorwald appeals a judgment dismissing his 42 U.S.C. sec. 1983 claim against his former employer for terminating Vorwald's employment without adequate notice and a fair hearing in violation of his procedural due process rights.[1] The court dismissed Vorwald's sec. 1983 claim because it concluded that Wisconsin's Worker's Compensation Law provided the exclusive remedy for Vorwald. Because the exclusivity of the Worker's Compensation Law does not bar a sec. 1983 claim when the state terminates an employee without adequate notice and an opportunity to respond, we reverse.

The school district of River Falls, Wisconsin, employed Vorwald as a custodian for almost eighteen years. In August 1987, Vorwald suffered a job-related injury. Vorwald returned to work with restrictions placed upon him by his physicians. In September 1988, the board of education elected to terminate Vorwald's employment based upon the recommendation of the personnel committee. Vorwald previously filed a worker's compensation claim for his work-related injury, and the parties agreed to payment for the injury. The agreement reserved Vorwald's right to bring a claim based upon the employer's wrongful refusal to rehire under sec. 102.18(4)(a), Stats.

Vorwald, however, filed a sec. 1983 claim alleging that the board terminated him without adequate notice and without due process. The circuit court concluded

---

[1]This is an expedited appeal under Rule 809.17.

that an exclusive state remedy existed for resolution of Vorwald's claim and granted summary judgment dismissing his claim.

A trial court's decision to grant or deny summary judgment will not be reversed on appeal unless the trial court abuses its discretion. *Jones v. Sears Roebuck & Co.,* 80 Wis. 2d 321, 325, 259 N.W.2d 70, 71 (1977). A decision based on a mistaken view of the law constitutes an abuse of discretion. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983). Because Vorwald was entitled to notice and a meaningful opportunity to respond *before* he was terminated, and because post-termination state remedies would not cure any alleged violation of this right, the trial court erred by concluding that the Worker's Compensation Act provided the exclusive remedy.

We begin our analysis with a brief review of relevant sec. 1983 law. Three types of sec. 1983 claims may be brought under the due process clause of the fourteenth amendment. First, a plaintiff may bring a claim for violations of specific rights protected by the Bill of Rights and incorporated by the due process clause. *Zinermon v. Burch,* 110 S. Ct. 975, 983 (1990). Second, the due process clause itself has a substantive component that bars arbitrary government action. *Id.* Any violation actionable as one of these two types of sec. 1983 claims is complete when the violation occurs. *Zinermon,* 110 S. Ct. at 983. Accordingly, state law remedies do not preclude a plaintiff from bringing a sec. 1983 action based on such violations. *Zinermon,* 110 S. Ct. at 983. Finally, a plaintiff may bring a sec. 1983 action for a violation of procedural due process. In such cases, the alleged unconstitutionality of the state action involves the deprivation of

540

"life, liberty, or property" without due process of law. The deprivation itself is not unconstitutional. *Zinermon*, 110 S. Ct. at 983 (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).

Unlike the first two types of sec. 1983 due process claims, the availability of state remedies may be relevant to procedural due process actions. Referring to such actions, the *Zinermon* court stated, "[t]he constitutional violation actionable under sec. 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon*, 110 S. Ct. at 983. In determining whether a procedural due process violation actionable under sec. 1983 has occurred, we must ask whether the process provided by the state was constitutionally adequate. *Zinermon*, 110 S. Ct. at 983.

In *Parratt*, the court held that post-deprivation state law remedies precluded the plaintiff's sec. 1983 claim. In that case, a prisoner brought a sec. 1983 action after prison employees negligently lost materials he had mail-ordered.[2] The court reasoned that no predeprivation procedural safeguard could address the risk of this type of deprivation. *Parratt*, 451 U.S. at 543. When a random and unauthorized act causes the deprivation and the state cannot precisely predict when the deprivation will occur, the state is unable to provide a meaningful hearing prior to the deprivation. *Id.* However, where the state can provide a meaningful predeprivation hearing, it must generally do so regardless of the adequacy of a post-deprivation state law remedy. *Zinermon*, 110 S. Ct. at 987.

---

[2]State officials' negligent acts no longer give rise to sec. 1983 liability. *Daniels v. Williams,* 474 U.S. 327, 336 (1986) (overruling that part of the *Parratt* decision).

Vorwald claims the school board violated his procedural due process rights by terminating his employment without notice and a hearing. If Vorwald has a property right in his employment, the state cannot deprive him of this right without due process.[3] *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985). At a minimum, due process requires that the state provide notice and an opportunity to respond prior to termination. *Id.* at 546. Thus, by alleging that he had a property interest in his employment and that the school board deprived him of this interest without adequate notice and opportunity to respond, Vorwald alleged a violation of his procedural due process rights sufficient to maintain a sec. 1983 action. Because the state could provide notice and a meaningful opportunity to respond prior to Vorwald's termination, the existence of post-termination state law remedies is not a defense to Vorwald's sec. 1983 claim.

Our analysis is consistent with that of the Seventh Circuit Court of Appeals in *Schultz v. Baumgart,* 738 F.2d 231 (1984). That case involved a discharged Wisconsin fire fighter who brought a sec. 1983 action claiming he was discharged in violation of due process. The court held that the discharged employee must first establish his property interest in continued employment. *Id.* at 234. The employee must then demonstrate that the employer discharged him in violation of due process protections. *Id.* at 235. At a minimum, these protections include notice and "a meaningful opportunity to respond

[3]The school district maintains that Vorwald has no recognizable property interest in his employment. Because this issue is neither argued nor briefed, we decline to address it. *See In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985).

prior to termination." *Id.* (Citations omitted.) The court then stated:

> For purposes of remand, we note that if Schultz was indeed fired in violation of his due process rights, the availability of *post-deprivation* grievance procedures or a board hearing would not have cured the violation. Schultz was entitled to notice and a meaningful opportunity to respond *before* he was terminated. If he was terminated without those protections, the constitutional deprivation was then complete. Schultz need not have exhausted other state remedies before bringing his section 1983 claim.

*Id.* at 237. (Emphasis in original.)

The school district argues that a refusal to rehire hearing under sec. 102.35(3) of the Worker's Compensation Act is an exclusive remedy that provides adequate post-deprivation procedural due process. If Vorwald was terminated without due process, however, the availability of post-deprivation remedies would not cure the violation because post-deprivation remedies do not address the due process violation. The worker's compensation remedy addresses the wrongful failure to rehire, not the failure to grant the employee due process. Moreover, the exclusivity provision in a state worker's compensation act cannot preclude recovery on a valid sec. 1983 claim because the federal remedy provided by sec. 1983 supersedes conflicting state law. *Rosa v. Cantrell,* 705 F.2d 1208, 1220 (1982). Wisconsin cannot abolish federally-granted sec. 1983 claims by creating an exclusive remedy in its worker's compensation statute.

The district also contends that a predeprivation hearing on the issue of termination is neither feasible nor practical where the termination is based on workplace injury. We disagree. The fact that termination is

based on workplace injury does not bear on the feasibility of providing pretermination notice and an opportunity to respond. In *Schultz,* the discharged employee was on paid sick leave prior to termination. That court noted that the case involved a "garden variety" dismissal, and the city easily could have provided predeprivation procedural protections. The same is true in the instant case.

The district argues that the failure to follow the due process procedure was random and unauthorized, and, thus, the *Parratt* rule applies. The district essentially argues that because any violation of an employee's due process right to pretermination notice and a meaningful opportunity to respond is by definition random, unauthorized and hard to predict, the employee cannot bring a sec. 1983 action if adequate state law post-deprivation remedies are available. Such a holding would render sec. 1983 rights meaningless and would be directly contrary to the holdings of *Zinermon* and *Loudermill.* These cases hold that the ability to offer due process and not the random nature of the state's conduct is determinative of this issue.

Finally, the district argues that even if worker's compensation does not provide the exclusive remedy, Vorwald must exhaust available administrative remedies before bringing a sec. 1983 action. In *Kramer v. Horton,* 128 Wis. 2d 404, 419, 383 N.W.2d 54, 60 (1986), the Wisconsin Supreme Court held that a reassigned University of Wisconsin tenured professor had to exhaust administrative remedies before bringing a sec. 1983 claim in state court. The court reasoned that the exhaustion doctrine provided agencies with the opportunity to correct their own mistakes, promoted judicial efficiency and developed a more complete factual record. *Id.* at 418, 383 N.W.2d at 59–60.

*Kramer* appears to be in conflict with *Felder v. Casey,* 108 S. Ct. 2302 (1988), which held that Wisconsin state courts could not impose Wisconsin's notice of claim statutes on sec. 1983 actions. However, we need not reach that issue because in the present case Vorwald had no administrative remedy. The school district provided no review of the board's actions. Unlike the plaintiff in *Kramer,* who could have sought review by the university's executive committee, chancellor and ultimately the board of regents, Vorwald had no administrative tribunal from which to seek further review.

The worker's compensation hearing examiner may review an employer's refusal to rehire an injured employee and may award that employee up to one year's lost wages. Section 102.35(3), Stats. However, the worker's compensation forum is not competent to review Vorwald's claimed denial of a due process hearing. Also, as noted by the *Kramer* court, a key policy behind the exhaustion doctrine is providing the agency an opportunity to correct its own mistake. Unlike the university system in *Kramer,* worker's compensation does not provide the next level of review of a school district's termination decisions. Rather, a worker's compensation wrongful refusal to rehire takes the place of a claim for tortious refusal to rehire. *See Cornejo v. Polycon Indus.,* 109 Wis. 2d 649, 327 N.W.2d 183 (Ct. App. 1982).

On remand the trial court must try Vorwald's claim that he was denied procedural due process because he did not receive notice and a due process hearing prior to termination. The substantive due process claim of wrongful termination is not before us and, thus, we do not address it.

*By the Court.*—Judgment reversed and cause remanded with directions.