Curtis R. VORWALD, Plaintiff-Appellant,†

v.

SCHOOL DISTRICT OF RIVER FALLS, River Falls
Board of Education and Charles R. Brenden, Super-
intendent of Schools, Defendants-Respondents-
Petitioners.

Supreme Court

*No. 90-1908-FT. Oral argument January 23, 1992.—Decided
April 10, 1992.*

(Also reported in 482 N.W.2d 93.)

†Motion for reconsideration denied June 2, 1992.

For the defendants-respondents-petitioners there were briefs by *Cassandra B. Westgate* and *Terwilliger, Wakeen, Piehler & Conway, S.C.,* Wausau and oral argument by *Ms. Westgate.*

For the plaintiff-appellant there was a brief by *Edward F. Vlack, John M. O'Boyle* and *Davison & Vlack,* River Falls and oral argument by *Edward F. Vlack.*

LOUIS J. CECI, J. This case is before the court on petition for review of a published decision of the court of appeals, *Vorwald v. River Falls School Dist.,* 160 Wis. 2d 536, 466 N.W.2d 683 (Ct. App. 1991), reversing a summary judgment by the circuit court for Pierce County, Robert W. Wing, Circuit Judge. The circuit court dismissed Curtis R. Vorwald's (Vorwald) 42 U.S.C. sec. 1983 (sec. 1983) claim because the court determined that Vorwald's exclusive remedy was under the Wiscon-

sin Worker's Compensation Act, secs. 102.01–102.89, Stats. (WCA). The court of appeals reversed, finding that the WCA does not bar a sec. 1983 claim when the state terminates an employee without adequate notice and an opportunity to respond. *Vorwald,* 160 Wis. 2d at 539. Because we find that Vorwald was an employee at will and therefore had no substantive right to continued employment, we reverse the court of appeals.

The relevant facts are not in dispute. Vorwald was a custodian for the school district of River Falls (the school district). Prior to his termination, Vorwald suffered a work-related injury which resulted in his no longer being able to wet-mop or to lift anything weighing more than 20 pounds. At a meeting of the school board (the board) on September 19, 1988, the board's personnel committee recommended to the board that Vorwald's employment be terminated, due to Vorwald's work restrictions. Based on that recommendation, the full board then voted to terminate Vorwald's employment. Vorwald was present at the meetings of both the board and the personnel committee. Vorwald filed a summons and complaint in circuit court on April 26, 1989, alleging that his termination violated 42 U.S.C. sec. 1983.

Whether Vorwald has a valid sec. 1983 claim is a question of law. We decide questions of law without deference to the decisions of the lower courts. *Pulsfus Farms v. Town of Leeds,* 149 Wis. 2d 797, 803–04, 440 N.W.2d 329 (1989).

Vorwald's complaint alleged a violation of procedural due process. A sec. 1983 action may be brought for a violation of procedural due process. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). However, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amend-

ment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). As the court of appeals correctly stated, "If Vorwald has a property right in his employment, the state cannot deprive him of this right without due process." *Vorwald*, 160 Wis. 2d at 542. We must therefore examine whether Vorwald has a property interest in his employment.

The court of appeals did not address the issue of whether Vorwald had a property interest in his employment. Rather, the court of appeals stated: "The school district maintains that Vorwald has no recognizable property interest in his employment. Because this issue is neither argued nor briefed, we decline to address it." *Vorwald*, 160 Wis. 2d at 542 n.3. The school district maintains that it argued Vorwald's lack of a property interest in his employment at both the circuit court and the court of appeals. We agree with the school district that the issue of whether Vorwald has a property interest in his employment has been argued continuously from the inception of the case.

The amended answer filed in circuit court by the school district states: "Plaintiff has failed to state a claim upon which relief can be granted because the Complaint does not set forth any cognizable deprivation of any rights, privileges or immunities extended by the United States Constitution or the Constitution of the State of Wisconsin." Additionally, in its Notice of Motion and Motion for Summary Judgment, the school district argued that "*the Plaintiff has no cognizable property interest under Wisconsin law which is required for the Plaintiff to prevail under Section 1983*" (emphasis added). Furthermore, in its brief in support of its motion for summary judgment, the school district argued:

553

> [Vorwald] cannot claim that he had any right to continued employment, which is what is required to demonstrate a property interest, because the Worker's Compensation Act has usurped the field . . . and has set forth exactly what rights an injured worker has in his employment.
>
> *Accordingly, Plaintiff's claim for violation of a due process right must fail where no property interest can be shown under Wisconsin law.*

(Emphasis added.) Finally, in its reply brief in support of its motion for summary judgment, the school district concluded:

> [G]iven the existence and applicability of the exclusive remedy provisions under the Worker's Compensation Act and alternatively, the Wisconsin Fair Employment Act, the interest which [Vorwald] claims in his job right would not amount to entitlement under the facts of this case. *Contrary to [Vorwald's] claim that public employment in and of itself creates a property interest in Wisconsin, employment at will is the rule absent a showing of entitlement or some enforceable basis for a continued expectation of employment.*

(Emphasis added.) The above excerpts from the circuit court record show that the issue of whether Vorwald had a property interest in his employment was raised and argued by the school district at the circuit court level.

In the school district's brief before the court of appeals, the school district argued:

> *[Vorwald] has no recognizable property interest in employment under Wisconsin's laws;* and that even if he did, the availability of a Worker's Compensation Hearing provides adequate due process . . ..
>
> . . ..

554

What the [school district is] saying is that *the facts of this case are based upon a property interest in employment; that such a property interest is determined by reference to interest created and enforceable under State law; and that there is no interest that is enforceable under State law in this case* because of the operation of the Worker's Compensation Act. . . .

. . ..

The exclusivity provisions of that Act operate to preclude any enforceable property interest in employment, which is a necessary basis for a procedural due process claim.

(Emphasis added.) As the above excerpts illustrate, the school district's argument at the court of appeals focused upon whether the operation of the WCA precluded the existence of an enforceable property interest in employment. However, the arguments address the general issue of whether Vorwald had a property interest in his employment.[1] We therefore find that the issue of whether Vorwald had a property interest in his employment was also raised before the court of appeals. Accordingly, the school district is not raising this issue for the first time on appeal, as Vorwald contends. We therefore believe that the court of appeals should have addressed this issue.

■ The school district argues that Vorwald had no property interest for two reasons: (1) He was an employee at will, and (2) the applicability of the WCA precludes the existence of an enforceable entitlement to

---

[1]For a discussion of the difference between issues and arguments, see *State v. Weber,* 164 Wis. 2d 788, 789-91, 476 N.W.2d 867 (1991) (on motion for reconsideration).

continued employment. We agree with the school district that Vorwald was an employee at will and, therefore, do not reach the issue of whether the WCA can preclude the existence of an enforceable entitlement to continued employment.

Vorwald asserts that he had a property interest in his employment due to this court's decision in *Oddsen v. Board of Fire & Police Comm'rs,* 108 Wis. 2d 143, 159, 321 N.W.2d 161 (1982), where we stated that "[p]ublic employment is a property right." Vorwald also argues that he had a property interest in his employment due to the board's personnel policy No. 4210,[2] which he argues either created a contract under *Holloway v. K-Mart Corp.,* 113 Wis. 2d 143, 334 N.W.2d 570 (Ct. App. 1983), or provided "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits," under *Roth,* 408 U.S. at 577.

In determining whether Vorwald had a property interest in his employment, we look to state law.

---

[2]The board's personnel policy No. 4210 provides in relevant part as follows:

> The Board may dismiss any non-certified employee upon recommendation by the superintendent. The superintendent shall specify the grounds for the dismissal in a written statement, which shall be filed with the Board. Any non-certified employee may be dismissed for those causes which are specified in Administrative Procedure No. 4210.a, although the causes set forth in that procedure are not intended to be exclusive.
>
> Upon receipt of the superintendent's recommendation relating to the dismissal of any non-certified employee, the Board shall provide the employee with written notification of the proposed dismissal, along with a statement of the grounds for the proposed dismissal. Such notification shall also advise the employee of his or her right to a hearing on the question of the proposed dismissal. No non-certified employee may be dismissed except by a majority vote of those Board members present when such a vote is taken.

Vorwald apparently was a "non-certified employee."

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.*

Under Wisconsin law, employment at will is the rule. Absent civil service regulations or laws, or a contract or collective bargaining agreement, a municipal employee is an employee at will and has no property interest in employment. *See Castelaz v. Milwaukee,* 94 Wis. 2d 513, 520, 289 N.W.2d 259 (1980); *Adamczyk v. Caledonia,* 52 Wis. 2d 270, 273-74, 190 N.W.2d 137 (1971); *accord Amendola v. Schliewe,* 732 F.2d 79, 83 (7th Cir. 1984); *compare Hough v. Dane County,* 157 Wis. 2d 32, 40-42, 458 N.W.2d 543 (Ct. App. 1990) (statutes may provide an entitlement to employment).

Vorwald's argument that our decision in *Oddsen* changed the general rule of employment at will for public employees is misplaced. In *Oddsen,* the Chief of the Milwaukee Police Department directed that two Milwaukee police officers be discharged. Pursuant to sec. 62.50(13), Stats., the Chief filed a complaint with the Board of Fire and Police Commissioners, setting forth the reasons for the discharge. Due to the protection afforded them by statute, the police officers in *Oddsen* had property interests in their employment. Although we stated in *Oddsen* that "[p]ublic employment is a property right," *Oddsen,* 108 Wis. 2d at 159, we should have qualified that statement to say that public employment is a property right for those public employees given tenure by operation of civil service regulations or laws. *Oddsen* was not meant

to and in no way altered Wisconsin's long-standing rule of employment at will.

In addition, based on the record before us, we find that the school district's personnel policy No. 4210 did not alter Vorwald's employee-at-will status. In some limited circumstances, employee handbooks and personnel policies can abrogate the employment-at-will relationship. *See Ferraro v. Koelsch,* 124 Wis. 2d 154, 157–58, 368 N.W.2d 666 (1985); *Holloway,* 113 Wis. 2d at 146. However, the single personnel policy standing alone in this case, without any evidence indicating that Vorwald and the school district agreed to be bound by the terms of the policy, does not rise to the level of a contract, either implied or otherwise. Therefore, the school district's "common-law right to discharge an employee at any time without cause was not limited by its self-imposed policies regarding discharge." *Holloway,* 113 Wis. 2d at 146.

Furthermore, because we find that the personnel policy did not abrogate Vorwald's employee-at-will status, the policy does not rise to the level of "rules or understandings that stem from an independent source such as state law" that are required to "support claims of entitlement" under *Roth,* 408 U.S. at 577.

Because we find the issue of whether Vorwald had a property interest in his employment controlling in this case, we do not address the remaining issues raised by the parties.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* I do not join the majority opinion's holding that the court

of appeals should have addressed the issue of whether Vorwald had a recognizable property interest in his employment. Majority opinion at 556. I conclude, as did the court of appeals, that the school district mentioned the recognizable property interest issue in passing, without developing the issue in the court of appeals brief.[1] Because the school district did not brief the issue in the court of appeals, I conclude that the court of appeals, in its discretion, could have declined to address this issue.[2] The court of appeals has similarly exercised its discretion in a number of cases.[3] Indeed, even if a party does

[1]The opinion of the court of appeals states: "The school district maintains that Vorwald has no recognizable property interest in his employment. Because this issue is neither argued nor briefed, we decline to address it. *See In re Balkus*, 128 Wis. 2d 246, 255 n. 5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985)." *Vorwald v. River Falls School Dist.*, 160 Wis. 2d 536, 542 n.3, 466 N.W.2d 683 (Ct. App. 1991).

[2]The court of appeals, in its discretion, also could have addressed the issue or asked for supplemental briefs.

So that the reader may evaluate the court of appeals' decision not to address the issue, I have quoted at note 7 the school district's full discussion of its claim that Vorwald has no recognizable property interest in employment.

[3]See, *e.g., In the Interest of J.A.B.*, 153 Wis. 2d 761, 769, 451 N.W.2d 799 (Ct. App. 1989) (appellant "does not develop that argument, however, nor does she refer us to any authority to shore up her assertions. . . . Consequently, we deem the issue abandoned."); *Polan v. Department of Revenue*, 147 Wis. 2d 648, 660, 433 N.W.2d 640 (Ct. App. 1988) ("We deem abandoned a position turning on a point of law known to exist but not briefed or argued."); *In re Balkus*, 128 Wis. 2d 246, 254, 381 N.W.2d 593 (Ct. App. 1985) (claimant "cites no cases or authority in support of her argument. In light of the inadequate briefing of this issue we decline to address it."); *Reiman Associates v. R/A Advertising*, 102 Wis. 2d 305, 306, n.1, 306 N.W.2d 292 (Ct. App. 1981) ("In

brief the issue, an appellate court has discretion not to decide the issue. Our court has picturesquely written: "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Waste Management of Wisconsin, Inc.,* 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).

This court does not generally review the court of appeals' exercise of discretion,[4] and I would not do so in

___

their notice of cross-appeal, plaintiffs specified as objectionable that portion of the judgment dismissing with prejudice their complaint against the individual defendants. That issue has not been briefed or argued on appeal, and we deem it abandoned.") *State v. Shaffer,* 96 Wis. 2d 531, 546, 292 N.W.2d 370 (Ct. App. 1980). ("The argument is supported merely by a general citation to four pages from the record where the trial court denied a motion to strike concerning this unspecified earlier testimony. Such an appellate argument is inadequate and does not comply with sec. 809.19(1)(e), Stats. In the future this court will refuse to consider such an argument, or summarily affirm on this issue. Section 809.83(2).")

Section 809.19(1)(e), Stats. 1989–90, provides in part:

**(1)** The brief must contain:
(e) An argument arranged in the order of the statement of issues presented. The argument on each issue must be preceded by a one sentence summary of the argument and is to contain the contention of the appellant, the reasons therefor, with citations to the authorities, statutes and parts of the record relied on as set forth in the Uniform System of Citation.

Section 809.83(2), Stats. 1989–90, provides:

**(2)** Noncompliance with rules. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

[4]*State v. McConnohie,* 113 Wis. 2d 362, 368–69, 334 N.W.2d

this case.[5] Nor would I criticize the court of appeals explicitly or implicitly for failing to address an issue (or if you prefer, for failing to address an argument)[6] not briefed in that court.

The majority opinion places a significant burden on the court of appeals by holding, in effect, that the court of appeals errs when it fails to address every issue or argument a party's brief may mention in passing. This is a burden no court can manage.

I believe the appellate practice rules applicable to this case can be summarized briefly as follows:

*Issue Must Be Preserved.* If a litigant wants an appellate court to decide an issue as a matter of right, the party must preserve the legal issue for appellate review

---

903 (1983); *Aparacor, Inc. v. ILHR Dep't,* 97 Wis. 2d 399, 404, 293 N.W.2d 545 (1980).

[5]I add, however, that the court of appeals declination to review this unbriefed issue makes good sense. Because neither the circuit court nor the court of appeals addressed the issue of Vorwald's recognizable property interest, the parties could have addressed that issue in circuit court on remand. Indeed, Vorwald argues in this court that the intent and practice of the parties regarding the employment contract is an issue of fact that should be decided at trial.

[6]I use the word *issue,* but the reader may, if he or she wishes, substitute the word *argument.* I do not find the majority's distinction between "argument" and "issue" helpful because the distinction depends on the level of generality used to state the issue. See *State v. Weber,* 164 Wis. 2d 788, 793-95, 476 N.W.2d 867 (1991) (on motion for reconsideration) (Abrahamson, J., dissenting).

The litigants decide what issues or arguments they will address in the circuit or appellate courts, although a court may consider issues (or arguments) the parties do not address. The litigants may frame the legal issue in broad or narrow terms.

by adequately alerting the circuit court and the appellate court to the issue.

*Appellate Courts' Discretion.* The court of appeals and this court have the power to address issues even if the parties fail to preserve these issues in the circuit court or fail to address them in the petition for review to the supreme court or in their appellate court briefs.

*Court of Appeals.* If an appellant wants the court of appeals to address an issue, the appellant must brief the issue in the court of appeals. If the *appellant* mentions the issue in passing but does not brief it, the court of appeals may decline to address the issue. Even if the appellant briefs an issue, the court of appeals need not decide the issue if it concludes another issue is determinative.

In this case the majority opinion states the issue as whether Vorwald had a recognizable property interest in his employment; the majority looks to the terms of the employment contract for the answer. As is clear from the excerpts of the school district's briefs appearing in the majority opinion (554–555), the school district chose to present a different issue to the courts. It briefed only the issue of whether the Worker's Compensation Act deprived Vorwald of any property right.

Although the school district's brief in the court of appeals "maintains" that Vorwald had no recognizable property interest in employment, the brief never explains on what basis the district "maintains" this position. The brief discusses only the effect of worker's compensation on Vorwald's claim.[7]

---

[7] I quote below in full those parts of the school district's brief in the court of appeals that refer to the recognizable property interest issue.

The school district's brief (p. 3) in the court of appeals states:

The determination of whether the Appellant [Vorwald] has a prop-

The school district's brief in this court concedes that the district presented only the worker's compensation issue to the court of appeals. The district describes the issues it presented to the court of appeals as follows: "The issues on appeal [before the court of appeals] were

erty interest deserving a constitutional due process protection is primarily dependent on the recognition of such an interest under State law. [Citations omitted.] Therefore, a public employee must have an enforceable expectation of continued employment under State law to trigger the due process requirement of pre-determination notice and hearing. [Citations omitted.]

The school district's brief (p. 5) in the court of appeals continues:

*Respondents [school district] maintain that Appellant [Vorwald] has no recognizable property interest in employment under Wisconsin's laws;* and that even if he did, the availability of a Worker's Compensation Hearing provides adequate due process. . . . (Emphasis added.)

The school district's brief (pp. 8-9) in the court of appeals concludes its Worker's Compensation Act analysis as follows:

In this case, Curtis Vorwald claims he was denied notice and an opportunity for a hearing regarding his employment termination; there is no dispute that the termination arose under the Worker's Compensation Act. The Respondents [the school districts] are not claiming that the Worker's Compensation Act, or any other State legislation, can preclude substantive Federal constitutional claims. *What the Respondents are saying is that the facts of this case are based upon a property interest in employment; that such a property interest is determined by reference to interest created and enforceable under state law; and that there is no interest that is enforceable under State law in this case because of the operation of the Worker's Compensation Act.* Appellant's claim for deprivation of due process based on property interest in employment must fail where the Worker's Compensation Act is applicable and provides the exclusive remedy for the Appellant's claim of right. (Emphasis added.)

The remainder of the school district's brief discusses the Worker's Compensation Act and the necessity of exhausting administrative remedies.

the operation of the exclusivity provision of the Worker's Compensation Act; the exhaustion requirement; and post deprivation due process." School District's Supreme Court Brief at 2-3.

*Supreme Court.* If a petitioner wants to have the supreme court address an issue upon the court's granting the petition for review, the petitioner must set forth the issue in the petition for review. Section (Rule) 809.62(6), Stats. 1989-90, provides that "if the petition is granted, the petitioner cannot raise or argue issues not set forth in the petition unless ordered otherwise by the supreme court. . . ."

In its petition for review (p. 2), the school district stated the issue as follows: "When determining the existence of a constitutionally protected interest in employment, does the applicability of a State Worker's Compensation Act to the issues of the case preclude the existence of an enforceable entitlement to employment?" The school district's petition for review, like the presentation in the circuit court and the court of appeals, limited the discussion of Vorwald's recognizable property interest to the issue of whether the Worker's Compensation Act deprives the employee of a property interest.

Despite the deficiency in the petition for review, I believe this court should exercise its discretion to reach the issue of Vorwald's recognizable property interest. The parties' briefs in this court touch on the issue.[8] If the parties believe the court has failed to consider the recognizable property interest fully, the remedy is a motion for reconsideration.

[8]See *Waushara County v. Graf,* 166 Wis. 2d 442, 462, 480 N.W.2d 16 (1992).

For the reasons set forth, I write separately and concur in the mandate.