STATE EX REL. WATTAWA, Respondent, vs. MANITOWOC PUBLIC LIBRARY BOARD, Appellant.

*September 16—October 11, 1949.*

*Edward Meyer* of Manitowoc, for the appellant.
*John R. Cashman* of Manitowoc, for the respondent.

HUGHES, J. Respondent (relator) concedes that the library board is not authorized by statute to grant tenure to its employees, but contends that under its general authority to manage and conduct the affairs of the library it may adopt rules for terminating employment which thereafter are binding upon it.

Counsel contends that, "tenure means the right to hold,— the rules of tenure mean the rules set up in the right of tenure governing procedure, but do not mean the right of tenure."

We agree with counsel's definition of tenure, but we are unable to follow the reasoning to the conclusion that where no tenure exists there may be rules of tenure governing procedure.

In the absence of tenure rights the right to hire carries the concomitant of the right to fire. This power may be exercised by the board arbitrarily and without cause.

Respondent argues that since the board is authorized by statute to administer, it has power to make rules and regulations. Counsel cites many cases holding that, " 'to regulate' means 'to adjust, order, or govern by rule, method, or established mode; direct or manage according to certain standards or laws; subject to rules, restrictions or governing principles.' " *State ex rel. v. Fields* (1924), 218 Mo. App. 155, 167, 263 S. W. 853, and others. From this broad premise

respondent reasons that since the board has the power to administer and therefore the power to make rules and regulations, even though it has no power to establish tenure, it may adopt rules and regulations for termination of employment.

To hold that the board has no power to establish tenure but that it may adopt rules governing the procedure of tenure, one of which may be that an employee can be discharged only for cause, leads to a ridiculous result. To hold that the regulation requires preferment of charges which, if unfounded, are immaterial because the board may then discharge without cause, leads to an equally ludicrous end.

The library board, having no authority to establish tenure rights, has no power to establish rules governing tenure. The board having power to discharge without cause, even though it be done unfairly and unreasonably, the courts have no right to interfere. The alternative writ must be quashed because the petition upon which it is based fails to state a cause of action.

*By the Court.*—Order reversed and cause remanded with directions to quash the alternative writ of mandamus.