ADAMCZYK, Appellant, v. TOWN OF CALEDONIA, Respondent.

*No. 161. Argued September 8, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 137.)

For the appellant there was a brief by *Weber, Gerard & Bonk* of Racine, and oral argument by *Louis F. Gerard.*

For the respondent there was a brief by *LaFrance, Thompson, Greenquist, Evans & Dye,* and oral argument by *Kenneth F. Hostak,* all of Racine.

HEFFERNAN, J.    Much of the briefs of both appellant and respondent was devoted to the question of whether the action should have been brought in certiorari, and if so whether the causes alleged were properly incorporated in a petition for that writ.  If, however, the record makes it apparent that no cause for relief could be set forth in a petition in certiorari or otherwise, it is unnecessary to decide what procedural pleadings would properly have framed the plaintiff's cause of action.  If no valid causes of action were stated in the complaint, it is also unnecessary and impossible to determine whether or not the causes of action were improperly joined.

Sec. 60.29, Stats., in 45 subsections, details the legislative grant of authority to town boards.  The law is clear that a town has only such powers as are specifically delegated to it by the legislature. *Pugnier v. Ramharter* (1957), 275 Wis. 70, 73, 81 N. W. 2d 38, 71 A. L. R. 2d 522.

Sec. 60.29 (8), Stats., authorizes the town board:

"To appoint policemen, a superintendent of police and a night watchman for service at any other place in the town when needed to protect persons or property or to preserve order at any assemblage for moral, religious or educational purposes."

No provisions appear in sec. 60.29, Stats., which restrict the power of the town board to deal with its employees or officers.  The appellant concedes that, but for the contract of 1966, he could be removed at the pleasure of the town board upon the vote of the majority of all the members thereof.  Although the respondent contends that a policeman is a town officer, who may be removed under the provisions of sec. 17.13 (1), it is unnecessary under the facts of this case, and particularly in view of the plaintiff's concession, to reach that conclusion.  In the absence of civil service regulations or properly au-

thorized statutory rules governing labor relations, a municipal employee has no tenure in his public service.

In the case of *State ex rel. Wattawa v. Manitowoc Public Library Board* (1949), 255 Wis. 492, 39 N. W. 2d 359, a city librarian sought to have her discharge vacated. This court pointed out:

"In the absence of tenure rights the right to hire carries the concomitant of the right to fire. This power may be exercised by the board arbitrarily and without cause . . . ." (P. 493)

The court further stated:

"The board having power to discharge without cause, even though it be done unfairly and unreasonably, the courts have no right to interfere. The alternative writ must be quashed because the petition upon which it is based fails to state a cause of action." (P. 494)

In the case of *Richmond v. Lodi* (1938), 227 Wis. 23, 277 N. W. 620, the manager of the village waterworks brought an action for damages for an improper discharge. The court sustained the village's demurrer, concluding that the plaintiff had failed to state a cause of action. The court said:

"The commission is authorized to appoint the manager and fix his compensation. The word 'appoint' completely expresses the power of the utility commission as to the manager's tenure. Under such provisions, the power to remove at pleasure is implied." (P. 25)

Under the state of Wisconsin law reflected in these cases, it is apparent that the plaintiff's concession was appropriate, and such concession need not rest upon the proposition that the plaintiff was a public officer.

The question remaining is whether the 1966 contract, which provided that employees were to be removed only for just cause, abrogated the town board's unfettered right to terminate the services of an appointed employee.

We conclude that, in the absence of statutory authority authorizing the employment contract of 1966, the town board was powerless to abrogate its authority to terminate the services of an employee at its pleasure. *Richmond v. Lodi, supra,* pointed out:

"The utility commission cannot surrender its power of removal at any time, reposed in it by the legislature, by appointing or by making a contract with plaintiff . . . ." (P. 26)

The general rule is stated in 4 McQuillin, *Municipal Corporations* (3d ed.), pp. 303–306, sec. 12.249:

"Unless the law otherwise provides, if a municipal officer is appointed, or elected, as by a council or board, and no definite term is prescribed, he holds at the will or pleasure of his superior or the appointing or electing authority; hence, the power of removal may be exercised at any time by such agency. In such case the power of removal is regarded as incident to the power of appointment or election. Indeed, it has been announced that the law will write into an ordinance creating an office the power to terminate it or to remove the incumbent at will. It follows that power of removal may be exercised at any time, without notice, and without the necessity of providing formal procedure therefor; and such power cannot be divested or taken away, except by limiting the term; but power to do this must be expressly conferred by the charter or statute applicable."

A municipality, which is wholly a creature of legislatively delegated power, cannot by ordinance or contract bargain away that portion of the state's sovereignty which has been conferred upon it. 2 McQuillin, *Municipal Corporations* (3d ed.), p. 839, sec. 10.38, states the basic proposition:

"Unless authorized by statute or charter, a municipal corporation, in its public character as an agent of the state, cannot surrender, by contract or otherwise, any of its legislative and governmental functions and powers, including a partial surrender of such powers."

The town board was empowered to discharge the plaintiff from his employment without prior notice and without the requirement of a common-law hearing. To the extent that it limited the town's right to discharge, the purported contract was ineffective.

We conclude that the complaint failed to state a cause of action. The judgment properly denied the plaintiff leave to plead over and properly dismissed the complaint.

*By the Court.*—Judgment affirmed.