**William K. KIEKOW, Plaintiff,**

v.

**The VILLAGE OF CHENEQUA et al., Defendants.**

**No. 71–C–553.**

United States District Court, E. D. Wisconsin.

April 21, 1972.

---

* See later case, Martin v. United States, 459 F.2d 300 (6th Cir. 1972).

**495**

D'Amato & Cusack, by John W. Cusack, Waukesha, Wis., for plaintiff.

Whyte, Hirschboeck, Minahan, Harding & Harland, by Richard C. Ninneman, Milwaukee, Wis., for defendants.

## DECISION and ORDER

*MYRON L. GORDON, District Judge.*

The plaintiff in this action is a former police officer of the village of Chenequa, Wisconsin. In his complaint, he alleges that his employment was terminated for his exercise of unspecified civil rights and liberties. He charges that he was not given a written notice detailing the reasons for the termination and also was denied an opportunity to confront his accusors. In addition, he claims that he was unable to present favorable witnesses and to have a hearing before an impartial tribunal. The defendants are the village of Chenequa, the village board of trustees and its members individually, and the village police and fire commission and its members individually. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The defendants have moved to dismiss the instant complaint for the failure to state a claim upon which relief may be granted, for lack of jurisdiction over the subject matter, and for lack of jurisdiction over the defendants. In support of their motion, the defendants contend that they are not a "person" within the meaning of § 1983 and, therefore, not subject to suit under its provisions.

Insofar as the complaint seeks damages against the village, the village board of trustees, and the village police and fire commission, the action must fail since it is settled that a municipality is not a proper party to a damage suit brought under the provisions of § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In addition, a suit for damages against the village board of trustees and the village police and fire commission is, essentially, a suit against a governmental entity and cannot stand. Henson v. City of St. Francis, 322 F.Supp. 1034 (E.D.Wis. 1971). However, the plaintiff also seeks reinstatement to his former employment, and, in my opinion, such action for relief is not foreclosed by Monroe v. Pape. See Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969); Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961); Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970).

Although the members of the village board of trustees and the village police and fire commission are sued in their individual capacities, the gravamen of the complaint is that they, as a body, acted improperly in discharging the plaintiff. There is no allegation of individual misconduct on the part of any of the named individuals. In my opinion, the complaint has failed to state a cause of action against the individual trustees or members of the village police and fire commission, and therefore, they must be dismissed from the suit as individuals. However, as members of the village board of trustees and as members of the village police and fire commission, they must remain in the action with respect to the claim for reinstatement.

In my judgment, the plaintiff has stated a cause of action against the defendants which is within the purview of § 1983. There is no absolute right to a hearing when one is discharged from public employment, for public employ-

ment is a privilege and not a property right. Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Adamczyk v. Town of Caledonia, 52 Wis.2d 270, 190 N.W.2d 137 (1971). However, there is a right to a hearing when the discharge affects underlying rights guaranteed by the Constitution. Birnbaum v. Trussell, supra; Newcomer v. Coleman, 323 F. Supp. 1963 (D.Conn.1970); Taylor v. New York City Transit Authority, 309 F.Supp. 785 (S.D.N.Y.1970). The plaintiff has alleged that his dismissal has injured his reputation as a police officer and his ability to pursue his chosen occupation as a policeman. As such, the plaintiff argues that there is more here in controversy than merely the loss of public employment, and he is entitled to prove his claim. Newcomer v. Coleman, supra; Taylor v. New York City Transit Authority, supra; cf. Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971).