**Leonard J. MONTI**

v.

**Peter FLAHERTY, Individually, and as Mayor of the City of Pittsburgh, et al.**

**Civ. A. No. 72–103.**

United States District Court,
W. D. Pennsylvania.

Dec. 14, 1972.

Thomas A. Livingston, Livingston & Miller, Pittsburgh, Pa., for plaintiff.

Robert B. Smith, Asst. City Sol., Ralph Lynch, Jr., City Sol., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a civil rights action filed pursuant to 28 U.S.C.A. §§ 1343, 2201, and 2202, and 42 U.S.C.A. §§ 1983, 1985, and 1986. Plaintiff contends that defendants, acting under color of state law, violated his constitutional rights by improperly dismissing him from his employment with the City of Pittsburgh.

The facts may be briefly stated. Leonard J. Monti was employed as a police officer by the City of Pittsburgh. Robert E. Coleville, one of the defendants and Superintendent of Police of Pittsburgh, notified him by letter dated January 14, 1972, that his employment was terminated as of January 17, 1972. According to the letter, the reason for the termination was that plaintiff was not in compliance with City Ordinance No. 450 and Ordinance No. 120, requiring an employee to be and remain a resident of the City.

█ Essentially the dispute involves the question of whether plaintiff, as a civil service employee, was entitled to a hearing prior to his dismissal. It should be noted that in deciding this issue, the Court does not reach the factual question of residency. If plaintiff were entitled to a hearing prior to his dismissal, the question of residency would perhaps be the subject matter of such a hearing since this was apparently the only basis for the dismissal. It is the considered judgment of this Court that plaintiff should have been afforded a hearing prior to his dismissal and that the failure to provide any hearing amounted to a violation of his rights to due process.

█ Although defendants contend that 53 P.S. § 23537 [1] is not controlling here because of the City Ordinances, it has been held that the Policemen's Civil Service Act, 53 P.S. § 23531 et seq., does not prohibit municipalities from enacting supplementary legislation which is not contradictory to or inconsistent with the act. Appeal of Stanek, 116 P.L.J. 277 (1968). Thus, the residency requirements are supplementary to the state legislation. Indeed specific authorization is contained in 53 P.S. § 23532 to enact such an ordinance, but the power of a director of public safety to dismiss an employee exists only if it has not been curtailed by civil service legislation. Beynon v. City of Scranton, 212 Pa. Super. 526, 243 A.2d 190 (1968). The overall scheme of the statute, however, clearly requires a hearing prior to any dismissal, except in the case of an employee who has been convicted of a felony. Plaintiff thus falls within the scope of those persons entitled to a hearing and its denial is a violation of Officer Monti's due process rights. Thus, plaintiff would be entitled to reinstatement to his former position. Kiekow v. Village of Chenequa, 342 F.Supp. 494 (E.D., Wis., 1972). The Supreme Court has recently stated that the concept of property interests takes many forms and that to have a property interest in a given benefit such as a job, a person must have a legitimate claim of entitlement to it. The Supreme Court notes that property interests are not created by the Constitution, but are created and have their dimensions defined by existing rules stemming from an independent source such as state law. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, plaintiff should not have been dismissed without a hearing, since by state law a hearing prior to dismissal is mandated for civil service employees such as Monti.

██ Although plaintiff is entitled to reinstatement, it does not follow that he may recover back wages under the Civil Rights statutes. A suit for damages maintained against present defendants is essentially a suit against a political subdivision or municipality and

---

1. 53 P.S. § 23537 provides, "No employe in the competitive class in any bureau of police in any city of the second class, . . . shall be removed, discharged or suspended . . . in any event, except by the decision of a court. . . .

should not be allowed. Kiekow v. Village of Chenequa, *supra*. Moreover, the Court has granted, by order dated April 17, 1972, defendants' Motion to Dismiss as to defendant City of Pittsburgh, against which there clearly cannot be maintained a civil rights action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 403 F.2d 84 (3d Cir., 1969). Plaintiff is entitled to pursue any state remedies which might exist to recover wages lost during said suspension.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.