GERALD L. ENGELDINGER, Corporation Counsel Winnebago County
You have requested my opinion as to whether a detective-juvenile officer in a county sheriff's department, who subsequently is elected to and serves in the office of county sheriff for a number of years, is entitled to reinstatement to the same or a similar position in the sheriff's office once his tenure as sheriff is terminated.
Section 63.065, Stats., provides that:
 A permanent employe in the classified service of any county having a population of 500,000 or more, who is elected to a county . . . office shall be granted a leave of absence without pay . . . for the period of . . . service as an elected . . . officer and thereafter shall be entitled to return to the former position or to one with equivalent responsibility and pay in the classified service
without loss of seniority or civil service status.
In 68 Op. Att'y Gen. 124 (1979), this office concluded that section 66.065 also applies to counties having a population ofless than 500,000 which have adopted a civil service program for deputy sheriffs pursuant to section 59.21(8)(a), and which operate under a civil service system. In the situation you describe, the sheriff contends that he should be permitted to return to his former position in the sheriff's department because of section 63.065 and because "[e]ven though Winnebago County does not have a civil service ordinance in effect per se, it has been the *Page 20 
past practice of Winnebago County to very carefully follow the State statutes pertaining to civil service matters."
Our supreme court has made it clear that "in the absence of civil service regulations or properly authorized statutory rules governing labor relations, a municipal employe has no tenure in his public service. Adamczyk v. Caledonia (1971), 52 Wis.2d 270,190 N.W.2d 137." Richards v. Board of Education, 58 Wis.2d 444,451, 206 N.W.2d 597 (1973); see also Castelaz v. Milwaukee,94 Wis.2d 513, 520, 289 N.W.2d 259 (1980). Therefore, it is evident that a public employe departing a non-elective county position in the sheriff's office to assume the elective county office of sheriff is not entitled to subsequent reinstatement to the same or a similar position in such department upon termination of his service as such elective officer, in the absence of the right being bestowed upon him by such an appropriate enactment or contract.
As background for your inquiry, you advise that Winnebago County has adopted a civil service ordinance applicable to all employes, pursuant to sections 49.50(5) and 59.07(20). However, that ordinance is "limited to appeals from Winnebago County employes alleging discrimination and improper separation from County employment." You further advise that Winnebago County has not adopted a civil service program for deputy sheriffs pursuant to section 59.21(8)(a), which program would operate under a civil service commission and incorporate section 63.065, allowing a deputy leave of absence with reinstatement privileges during elective service. See 68 Op. Att'y Gen. 124. Moreover, the collective bargaining agreement covering the subject employe at the time of his election to the office of sheriff apparently contained no provisions preserving any right of reinstatement. Finally, at the time the employe left his non-elective county position to assume the office of sheriff, he was expressly advised in writing that "[t]he departure of an employee from a non-elected County position for the purpose of immediately assuming an elected County position shall automatically *Page 21 
constitute a voluntary, simultaneous termination from thenon-elected position, and a new hire into the elected position," and that "[a]ll contractual benefits/obligations covering the non-elected position shall lapse effect as of the termination date."
Under the foregoing circumstances, it is my opinion that the former county employe to which your inquiry makes reference is not entitled to reinstatement to the same or a similar position to that previously held by him in the sheriff's office once his tenure as sheriff is terminated.
DJH:JCM *Page 22