Wilmer CHRISTIAN, Plaintiff-Appellant,

v.

TOWN OF EMMETT, William Nass, Warren Topel, Eugene Coughlin, Francis Richter, and Carl Hoefler, Defendants-Respondents.

Court of Appeals

*No. 90-2436. Submitted on briefs April 4, 1991.—Decided May 2, 1991.*

(Also reported in 471 N.W.2d 252.)

For the plaintiff-appellant the cause was submitted on the briefs of *Richard V. Graylow* of *Lawton & Cates, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Mark M. Mingo* and *Wendy G. Gunderson* of *Mingo & Yankala, S.C.,* of Milwaukee.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   Wilmer Christian, a former Town of Emmett police officer, sued the town for terminating his employment without affording him certain procedural safeguards he claimed were required by state law. He based his claim on sec. 60.56(1)(am), Stats., which

requires towns which have "establishe[d] . . . police department[s]" to follow specified procedures when discharging law enforcement officers.

The issue is whether the town has "establishe[d]" a police department within the meaning of the statute, thus entitling Christian to the protections he claims are due him. We conclude that the statute does not apply and affirm the judgment.

The facts are not in dispute. Christian worked for nearly thirteen years as a part time police officer for the town when, without prior warning, he received notice that he was being discharged from his employment. The town, treating Christian as an at-will employee, gave no reasons for its action. Christian sued and the trial court entered summary judgment dismissing his action, ruling that he was not entitled to the protections afforded by sec. 60.56(1)(am), Stats., because the town had never established a police force.

■■■■

In summary judgment cases, we employ a well-known and frequently-described methodology. *See, e.g., State Bank of La Crosse v. Elsen,* 128 Wis. 2d 508, 383 N.W.2d 916 (Ct. App. 1986). Where, as here, the pleadings raise and join the issues and the parties' affidavits and other proofs establish a *prima facie* defense or case for relief and raise no material factual disputes, summary judgment is an appropriate means of deciding the legal issues. *Smith v. State Farm Fire & Cas. Co.,* 127 Wis. 2d 298, 300, 380 N.W.2d 372, 373 (Ct. App. 1985). Our review of the trial court's decision is *de novo. In re Cherokee Park Plat,* 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983).

Sections 60.56(1)(a) and (am), Stats., provide as follows:

(a)  The town board may provide for law enforcement in the town . . . in any manner, including:

1.  Establishing a town police department.

2.  Joining with another town . . . to create a joint police department.

3.  Contracting with any person.

(am)  If a town board establishes a town police department under par. (a) 1 or 2 and does not create a board of police commissioners . . ., the town may not suspend, reduce . . . or remove any . . . law enforcement officer who is not probationary . . . unless the town board [complies with the following procedures] . . ..

Christian contends that the town has established a police department and he is thus entitled the procedural safeguards provided by the statute. He acknowledges that the town has never formally created a department. He asserts, however, that because he and other officers performed police duties and functioned and referred to themselves as a "department," and because the town "represented" to its residents that it had a police department, one had been established *de facto.*

We disagree. The statutory protections apply only when the town has "establishe[d] a . . . department under [60.56(1)](a) 1 or 2." These provisions permit a town to establish a police department in one of two ways: by "establishing" one on its own or by joining with another town to "create" a joint department.

While sec. 60.56, Stats., does not specify the precise means by which a department may be "established," a commonsense reading of the statutory language necessarily implies that some form of municipal action is required. To "establish" is "to . . . fix after consideration or by enactment," to "ordain," "to bring into exis-

tence," to "create," to "found." *Webster's Third New International Dictionary* 778 (1976).

■

In this case there is nothing in the record to indicate, or even suggest, that the Town of Emmett undertook any official action to establish a police department. There is no resolution, no ordinance—not even any board minutes—"creating," "founding" or "establishing" such a unit. As a result, the trial court correctly ruled that the procedural protections of sec. 60.56(1)(am), Stats., do not apply.

Christian disagrees, arguing that the statute is ambiguous and that its legislative history indicates an intention to provide the protections to "all town officers, however employed." We see no ambiguity. The statutory language is plain: the town must "establish" a department before the protections apply. And while, as indicated, the statute does not delineate the precise steps for establishing a department, we see no ambiguity in its application to a situation where the record contains no evidence of any kind that the municipality ever took any action to create one.

■

We note, too, that the reading Christian urges on us—that the statute was intended to extend the procedural protections to all town officials—would render the key "establishment" language meaningless. It is thus a construction to be avoided. *State v. Smith,* 103 Wis. 2d 361, 365, 309 N.W.2d 7, 9 (Ct. App. 1981).

*By the Court.*—Judgment affirmed.