John WALLACE, Plaintiff-Appellant,†

v.

Cos DAGUANNO, Clerk, Town of Beloit, and Steven Til-
ley, Chief, Town of Beloit Police Department,
Defendants-Respondents.

Court of Appeals

*No. 92-2067. Submitted on briefs March 1, 1993.—Decided
March 23, 1993.*

(Also reported in 499 N.W.2d 264.)

†Petition to review denied.

414

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Willie J. Nunnery* of *Hill & Nunnery Law Office* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Kenneth W. Forbeck* of *Forbeck & Monahan, S.C.* of Beloit.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. John Wallace appeals the circuit court's judgment quashing his petition for a writ of certiorari. Because the Town of Beloit's collective bargaining agreement with Wallace's union provides for a fair review involving binding arbitration to resolve Wallace's employment dispute, such arbitration is the correct forum for this dispute at this stage of the proceedings. The circuit court therefore correctly quashed Wallace's petition.

The Town of Beloit Police Department employed Wallace as a full time law enforcement officer. He was a member of Teamsters Local Union 579 and consequently was protected and covered by the collective bargaining agreement between the union and the town.

On June 23, 1992, a notice of disciplinary proceedings requesting Wallace's dismissal from the police force was served on Wallace. Attached to this notice were investigative reports supplying the factual basis for Town of Beloit police chief Steven Tilley's request for

the hearing. On June 24, 1992, Wallace, along with union steward James Driscoll and the secretary/treasurer of Teamsters Local Union 579, Brendan F. Kaiser, appeared before the Beloit Town Board and filed an answer. During the one and one-half hour hearing, representatives of the Town of Beloit Police Department presented their facts regarding the incident. Kaiser, on behalf of Wallace, was allowed to question the police department representatives, and both sides were allowed to make their arguments before the town board.

The board then voted to terminate Wallace's employment. Immediately after the hearing, the union prepared a grievance, signed by Wallace, in order to commence a grievance proceeding pursuant to the union contract.[1] Also on behalf of Wallace, Kaiser filed a request to initiate grievance arbitration also under the union contract with the Wisconsin Employment Relations Commission (WERC).

Before the arbitration hearing, Wallace filed a petition for writ of certiorari, under sec. 62.13(5), Stats., in Rock County Circuit Court. After hearing arguments on whether the petition was premature, the trial court entered a judgment quashing the writ and dismissing the action. Wallace appeals this judgment.

There is no question that, in general, police officers are to be afforded due process before they are terminated from their employment. *In re Owens*, 122 Wis. 2d 449, 452-54, 362 N.W.2d 171, 173-74 (1984). However, the sole issue on review is whether at this juncture Wallace

---

[1] The union contract sets out a grievance procedure under Article 5 and a procedure for suspension and discipline under Article 6. These two portions of the agreement work in tandem to provide for a hearing before, and binding review by, an agreed-upon arbitrator (usually from the Wisconsin Employment Relations Commission).

is entitled to judicial review of his employment termination.

Wallace argues that he is entitled to judicial review of his employment termination under sec. 62.13(5)(i), Stats. Section 62.13 provides for a board of police and fire commissioners for cities and review by the circuit court of the board's decisions. Review of a decision by the city's board of police and fire commissioners properly goes before the trial court on a common-law writ of certiorari. *State ex rel. Smits v. De Pere*, 104 Wis. 2d 26, 31, 310 N.W.2d 607, 609 (1981). Wallace, however, was fired from a town police department, not a city police department.

Wallace cites *State ex rel. Reedy v. Law Enf. Disciplinary Committee*, 156 Wis. 2d 600, 457 N.W.2d 505 (Ct. App. 1990), for the proposition that he has the right to petition for a writ of certiorari. *Reedy*, however, involved the City of Stanley Police Department. Although the City of Stanley was exempted from the dictates of sec. 62.13(1) through (5), Stats., because its population was less than 4,000, it could under sec. 62.13(6m)(a) establish a committee (much like the board of police commissioners) which acts under subsec. (5). In *Reedy*, we ruled that when a city established such a law enforcement committee, the appeal process under subsec. (5)(i), which calls for a petition for a writ of certiorari, applies to the committee's orders. *Id.* at 606, 457 N.W.2d at 508. However, the Town of Beloit, as a town, is governed by neither sec. 62.13(5)(i) nor sec. 62.13(6m). It is governed by ch. 60, Stats.

Chapter 60, Stats., does not contain a section comparable to sec. 62.13(5)(i), Stats. Section 60.57 provides that the town may establish a board of police and fire commissioners and that, if established, the board shall be organized in the same manner as boards of police and

417

fire commissioners under sec. 62.13(1) and is subject to the applicable provisions of sec. 62.13(5). Towns, however, are not required to establish boards of police and fire commissioners.

Here, the Town of Beloit has not established such a board. In that event, sec. 60.56(1)(am), Stats., provides the procedural safeguards for a town with a police department, but no board of police commissioners to follow when terminating a police officer's employment. *Christian v. Emmett*, 163 Wis. 2d 277, 280, 471 N.W.2d 252, 253 (Ct. App. 1991). The statute reads:

> If a town board establishes a town police department . . . and does not create a board of police commissioners . . . the town may not suspend, reduce, suspend and reduce, or remove any police chief or other law enforcement officer who is not probationary, and for whom there is no valid and enforceable contract of employment or collective bargaining agreement which provides for a fair review prior to that suspension, reduction, suspension and reduction or removal, unless the town board [establishes either a temporary committee or appoints an individual to act under sec. 62.13(5) and decide whether to remove the police officer.] (Emphasis added).

The effect and operation of these statutes is a question of law which we review without deference to the trial court. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989). The statute is clear and unambiguous. In a town without a board of police commissioners, a police officer's employment may be terminated in one of three ways: (1) at-will because the officer's employment is probationary, (2) pursuant to the procedures agreed upon in a contract or collective bargaining agreement which provides for a fair review

prior to termination, or (3) through the establishment of a temporary committee which acts under sec. 62.13(5), Stats.

■

Wallace's employment was terminated pursuant to the procedures of a collective bargaining agreement. When the circuit court quashed Wallace's petition for writ of certiorari under 62.13, Stats., Wallace was involved in the grievance process under the collective bargaining agreement. This process called for arbitration, which was pending before WERC. The arbitration proceeding is analogous to a hearing before the board of police commissioners. Judicial review of a board's determination occurs after that determination, and thus judicial review of the arbitrator's decision also occurs at the conclusion of the arbitration process.[2] At the present time, WERC is the proper forum for Wallace to be pursuing his claim. Because the arbitration was still pending when Wallace petitioned for a writ of certiorari, the circuit court correctly quashed his petition.

*By the Court.*—Judgment affirmed.

■

[2] The nature of the judicial review following the arbitrator's decision was not briefed and need not be decided by this court.