TOWN OF LA GRANGE, a Wisconsin Municipal Corporation, Plaintiff-Appellant,†

v.

Robert J. AUCHINLECK, Defendant-Respondent.

Court of Appeals

*No. 96–3313. Submitted on briefs November 21, 1997.—Decided December 30, 1997.*

(Also reported in 573 N.W.2d 232.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mark T. Baganz* of Delafield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Patrick J. Hudec* and *Gabrielle Boehm* of *Hudec Law Offices, S.C.* of East Troy.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J.   The Town of LaGrange appeals from a trial court order dismissing its action against Robert J. Auchinleck. The dispute centers on the Town's attempt to remove Auchinleck from office as its police chief and Auchinleck's refusal to return property and records which are in his possession by virtue of his position as police chief. The Town brought an action in circuit court attempting to compel the return of the records. At the close of the Town's evidence, the circuit court dismissed the action, finding that the Town had not followed the statutory procedure required for the removal of Auchinleck. The court then found that because Auchinleck is still the police chief, the Town's action to recover its official records cannot be maintained. We agree and consequently affirm.

In 1978, Auchinleck was appointed as a "volunteer member of the water safety patrol reserve" by the town board. In 1980, he was appointed "captain." Three years later the Town adopted an ordinance officially creating a police department. Auchinleck continued in his capacity as captain until 1988, when he was appointed chief of police.[1] Throughout these years, Auchinleck received no compensation for his activities; he worked as a volunteer.[2] On June 13, 1995, the town board adopted a statement which purported to termi-

---

[1] At the time of this action, Auchinleck was certified as an instructor by the Law Enforcement Standards Board in general skills, police firearms, traffic and marine accident investigation and reconstruction, marine law enforcement and the enforcement of operating while intoxicated laws. He had also served as an expert witness in the field of marine accident reconstruction.

[2] The record reflects that Auchinleck received $736.25 in 1989 when he filled out a request for reimbursement form and

nate Auchinleck as police chief.[3] The town board then notified Auchinleck of its action and additionally requested the return of certain property that Auchinleck had in his possession by virtue of his position as chief of police.

Auchinleck did not return the requested property and the Town commenced this action. Two causes of action were pled: that Auchinleck's refusal to return the requested property violated both §§ 19.21 (custody and delivery of official property and records) and 19.22, STATS. (proceedings to compel the delivery of official property). A bench trial was held, and at the close of the Town's case, Auchinleck moved for dismissal. The circuit court granted that motion. The court determined that the Town had not complied with the mandates of § 60.56, STATS., which prescribes statutory guidelines for the removal of law enforcement officers who do not serve in a community with a "board of police commissioners" or under an agreement that provides for "fair review." *See* § 60.56(1)(am). It is undisputed that the Town does not have a board of police commissioners, nor does Auchinleck have an agreement that provides for review. Therefore, the Town's unilateral action in

---

requested this amount as reimbursement for travel, postage and telephone expenses, and accident investigation training.

[3] The document, signed by five supervisors of the Town, stated:

> Effective immediately Robert J. Auchinleck, being an unpaid volunteer, be and he hereby is terminated at the will of the Town Board, being hereby removed from any and all said positions which he has or may have had with the Town of LaGrange Police Department, and/or its Water Safety Patrol Sub-Unit, including but not limited to the position/title of Chief of Police, Captain of Water Safety Patrol Sub-Unit, or any other position, title or rank; and any and all appointments of him to any and all said positions be and the same hereby are rescinded and withdrawn.

attempting to remove Auchinleck was without force. The court then found that because Auchinleck was still the police chief, he was permitted to retain possession of the property and records in question. The court also stated that § 19.22 was not applicable because there was no successor to his position. *See* § 19.22 (permitting the successor of any public officer to bring an action to compel the delivery of official property).

On appeal, the Town renews its argument that Auchinleck has been properly terminated and is required to turn over the requested property. The Town characterizes Auchinleck's position as "probationary" and posits that "[a]n unpaid, volunteer is tantamount to a probationary officer and is not entitled to the hearing requirements set forth in sec. 60.56, STATS." The Town directs us to the following language from this section in support of its position that it could remove Auchinleck without a hearing: "[T]he town may not suspend, reduce, suspend and reduce, or remove any police chief or other law enforcement officer *who is not probationary* . . . ." Section 60.56(1)(am), STATS. (emphasis added). Thus, the Town claims that it did nothing improper in merely notifying Auchinleck that he was terminated.

The issue presented requires that we construe the relevant statute; this presents a question of law which we review independently of the trial court. *See Rychnovsky v. Village of Fall River,* 146 Wis. 2d 417, 420, 431 N.W.2d 681, 683 (Ct. App. 1988). The primary source for the construction of any statute is its language; if the language is clear and unambiguous on its face, resort to extrinsic aids is improper. *See id.* at 420–21, 431 N.W.2d at 683.

Section 60.56, STATS., provides in relevant part:

90

**Law enforcement.** **(1)** GENERAL AUTHORITY. (a) The town board may provide for law enforcement in the town or any portion of the town in any manner, including:

    1.   Establishing a town police department.

    . . . .

    (am)   If a town board establishes a town police department under par. (a)1. or 2. and does not create a board of police commissioners . . . the town may not suspend, reduce, suspend and reduce, or remove any police chief or other law enforcement officer who is not probationary . . . unless the town board does one of the following:

    1.   Establishes a committee of not less than 3 members, none of whom may be an elected or appointed official of the town or be employed by the town. The committee shall act under s. 62.13(5) in place of a board of police and fire commissioners. . . .

    2.   Appoint a person who is not an elected or appointed official of the town and who is not employed by the town. The person shall act under s. 62.13(5) in place of a board of police and fire commissioners. . . .

By its plain language, this section outlines the process by which a town may legitimately remove a police chief or other law enforcement officer who is not probationary. We examined the legislative history of this section in *Rychnovsky,* 146 Wis. 2d at 423, 431 N.W.2d at 684, and noted that "[t]he purpose of sec. 61.65(1)(am) is to require due process procedures in disciplinary actions involving law enforcement officers in towns or villages without boards of police commissioners." It is undisputed that the Town did not follow this procedure.

This does not, however, address the Town's argument that Auchinleck is not covered by the statute because he is a probationary employee. Nonetheless,

we note that the Town does not direct us to any statement in any document that Auchinleck's appointment as police chief was *ever* probationary. Furthermore, to argue that a police chief who has served in that capacity since 1988 is still serving on a probationary basis is specious. As noted in *Hussey v. Outagamie County,* 201 Wis. 2d 14, 19, 548 N.W.2d 848, 851 (Ct. App. 1996), " '[T]he use of a probationary period is an excellent means of examining candidates and . . . [i]t enables the board to better evaluate a potential officer's skill and character.' " (Quoted source omitted.) Considering the ordinary and expected reason for a probationary period, the town board's claim that Auchinleck is "on probation" is without merit.

■

The Town also argues that Auchinleck's probationary status is related to the fact that he is a *volunteer*. However, § 60.56, STATS., does not distinguish between volunteer and paid employees. According to the plain language of the statute, the triggering acts are the "establish[ment] of a town police department" and the designation of an individual as a "police chief" or "law enforcement officer." *See* § 60.56(1)(am), STATS.; *see also Christian v. Town of Emmett,* 163 Wis. 2d 277, 280, 471 N.W.2d 252, 253 (Ct. App. 1991) (statutory protections apply only when a town has established a police department). While the statute clearly draws a distinction between probationary and nonprobationary employees, there is no mention of compensation as being determinative of whether an individual is probationary or not. Under the rules of statutory construction, we cannot supply something that is not included in a statute. *See Lang v. Lang,* 161 Wis. 2d 210, 224, 467 N.W.2d 772, 777–78 (1991). The town board's action in creating a police department, *see*

92

Town of LaGrange, Wis., Ordinance Creating Town of LaGrange Police Department (Mar. 12, 1983), and its subsequent naming of Auchinleck as its police chief, without qualification, makes this statutory section applicable to Auchinleck.[4]

The Town also argues that Auchinleck was an "at-will" employee with no fixed term of employment. In making this argument, the Town attempts to create a third employment category for law enforcement officers: probationary, nonprobationary and "at-will" employees. However, the legislation in this area does not include the third category. In fact, in addressing the need to afford due process to all law enforcement personnel, the legislature has not provided for an "at-will" category for law enforcement officers; instead, it clearly distinguishes between two types of employees—probationary and nonprobationary. Further, the statutes provide strict guidelines for a town which seeks to remove any nonprobationary officer.[5] The

[4] The Town argues that this reading affords Auchinleck, who is an "unpaid volunteer," more rights than a paid, probationary employee. However, it is for the legislature to decide whether due process guarantees will be provided to volunteer officers. As the language of the statute is clear and unambiguous, we do not look beyond its plain meaning. *See Rychnovsky v. Village of Fall River,* 146 Wis. 2d 417, 420–21, 431 N.W.2d 681, 683 (Ct. App. 1988).

[5] The Town also offers *Adamczyk v. Town of Caledonia,* 52 Wis. 2d 270, 190 N.W.2d 137 (1971), as supportive of its position that Auchinleck is an "at-will" employee and can be terminated without a hearing. We disagree with this interpretation. *Adamczyk* was decided before the creation of § 60.56, STATS. *See* 1983 Wis. Act 532, § 7 (included in § 7 is the table of contents to ch. 60, STATS., which includes the newly-created § 60.56). Additionally, the *Adamczyk* court specified: "In the absence of civil

Town is constrained by the legislative directives for the removal of Auchinleck; it cannot avoid these by its use of the term "at-will" employee.

■

The second issue raised by the Town is that Auchinleck should be compelled to return certain property and records to the town clerk pursuant to §§ 19.21 or 19.22, STATS. Section 19.22 permits the successor of any public officer to compel the delivery of official property. There is no successor in the instant case; therefore, § 19.22 is not applicable. However, the Town argues in the alternative that the following provisions in § 19.21(2) permit this action:

> Upon the expiration of each such officer's term of office, *or whenever the office becomes vacant,* the officer . . . shall on demand deliver to the officer's successor all such property and things then in the officer's custody . . . *but if a vacancy occurs before such successor is qualified, such property and things shall be delivered to . . . such secretary or clerk, respectively, on behalf of the successor, to be delivered to such successor upon the latter's receipt.* [Emphasis added by Town.]

Our analysis of the status of Auchinleck's position as police chief disposes of this further argument. The position of police chief is not vacant, so Auchinleck is not required by this section to turn over the requested property and records.

---

service regulations *or properly authorized statutory rules governing labor relations,* a municipal employee has no tenure in his public service." *Adamczyk,* 52 Wis. 2d at 273–74, 190 N.W.2d at 139 (emphasis added). There now are statutory rules governing this area; *Adamczyk* is not contrary to our analysis.

In a final argument, the Town claims that this issue is governed by its "Public Records Ordinance," enacted January 12, 1983, which designates the town clerk as the legal custodian for all records, other than those held by "elected officials." This ordinance was amended on June 12, 1995, to create a "central record location" for records, including those of the police department. *See* Town of LaGrange, Wis., Ordinance Amending Public Records Ordinance of Town of LaGrange (June 12, 1995). However, § 19.21, STATS., specifies:

> **Custody and delivery of official property and records. (1)** *Each and every officer of [any] . . . town . . . is the legal custodian of and shall safely keep and preserve all property and things received from the officer's predecessor or other persons and required by law to be filed, deposited, or kept in the officer's office,* or which are in the lawful possession or control of the officer or the officer's deputies . . . . [Emphasis added.]

The Town argues that its ordinance, which designates a central records location for all records, is applicable because subsec. (1) of the state statute states that a police chief is the legal custodian of all property "required by law to be filed, deposited, or kept in the officer's office . . . ." *See* § 19.21(1), STATS. According to the Town, its ordinance designates *by law* an alternative record keeper, the town clerk; therefore, Auchinleck must turn over the records in order to comply with the local ordinance.

The Town's argument hinges on the construction of § 19.21, STATS. This presents a question of law which we review de novo. *See R.W.S. v. State,* 156 Wis. 2d 526,

95

529, 457 N.W.2d 498, 499 (Ct. App. 1990), *aff'd*, 162 Wis. 2d 862, 471 N.W.2d 16 (1991). The first step is to determine if the statutory language is clear or ambiguous; the test of ambiguity is whether the statute is capable of being construed in more than one way by reasonable people. *See id.* In construing a statute, we are to give effect to the intent of the legislature. *See State v. Wilke,* 152 Wis. 2d 243, 247, 448 N.W.2d 13, 14 (Ct. App. 1989). In construing one statutory section, we should also consider related sections. *See Pulsfus Poultry Farms v. Town of Leeds,* 149 Wis. 2d 797, 804, 440 N.W.2d 329, 332 (1989).

We agree that subsec. (1) is ambiguous and can be read two different ways. One interpretation is that the police chief, as an officer of the Town, is the mandated custodian of the records and is required to "keep and preserve all property . . . [that is] required by law to be filed, deposited, or kept in the officer's office . . . ." With this reading, the phrase "required by law to be filed" is descriptive of the type of property for which the police chief is responsible. However, the Town interprets the phrase as modifying the basis of the chief's duty—that the police chief shall keep and preserve all property *if* the law of the municipality requires it to be filed with the police chief. Because both interpretations are reasonable, we must construe the statute.

It is not clear from the language of subsec. (1) whether the phrase "required by law to be filed, deposited, or kept in the officer's office," *see* § 19.21(1), STATS., is a modifier for the type of property a records custodian is charged with keeping, or whether it relates to the basis for a records custodian's duty. However, we find instructive case law which has considered the application of this statutory section. In *Newspa-*

*pers, Inc. v. Breier,* 89 Wis. 2d 417, 423, 279 N.W.2d 179, 182 (1979), the supreme court considered the question of "whether the Chief of Police is required under sec. 19.21, Stats., to make records available for routine inspection so the press and members of the public can ascertain the charge for which a person was arrested." While the parties in that case had stipulated that the police chief had possession of the records sought *and that he was the custodian of them,* the court also noted that it was the responsibility of "the custodian of the records [to] weigh the competing interests involved and determine whether permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection." *Id.* at 427, 279 N.W.2d at 184. The court specified that if a challenge were brought to the records custodian's determination, "The custodian of the records must satisfy the court that the public-policy presumption in favor of disclosure is outweighed by even more important public-policy considerations." *See id.*

■■■

A rule of statutory construction applicable to the question before us states that if a statute provides for the performance of an act or an exercise of power or authority by public officers who are protecting private rights or are acting in the public interest, such performance is considered mandatory. *See* SUTHERLAND STATUTORY CONSTRUCTION § 57.14 at 37 (5th ed. 1992). This rule has been enunciated by the Supreme Court as follows:

> The conclusion to be deduced from the authorities
> is, that where power is given to public officers
> . . .—whenever the public interest or individual

rights call for its exercise—the language used . . . is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for [the third person's]. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice.

*Board of Supervisors v. United States,* 71 U.S. 435, 446–47 (1867).

Applying this rule of statutory construction to the supreme court's recognition in *Newspapers, Inc.* that it is the records custodian's responsibility to act in the public interest with regard to the release of information, we conclude that the statutory designation of the police chief as the custodian of departmental records is mandatory. Under the statute, the records custodian provisions impact not only the keeping of the records of the police department, but also making determinations as to whether particular records should be open to public inspection. In light of this clearly defined duty and the above rule of statutory construction, we conclude that the Town's ordinance which purported to make the town clerk the legal custodian and the town hall the required depository for the records contravenes the governing statute and is without force.[6]

---

[6] As further support for our construction, we take note of subsec. (2) of § 19.21, STATS. It specifies the procedure to be employed when records are passed on to a successor in office. According to this subsection, "[I]f a vacancy occurs before [a] successor is qualified, such property and things shall be delivered to and be receipted for by such secretary or clerk . . . *on behalf of the successor, to be delivered to such successor upon the latter's receipt.*" Section 19.21(2) (emphasis added). The plain language of this subsection permits a town clerk to hold the

We therefore conclude that by applying relevant case law and rules of statutory construction, any ambiguity in interpretation is resolved. Subsection (1) places the responsibility for the preservation of property and records with the designated officer, in this case Auchinleck as police chief. The Town's ordinance cannot supersede the legislature's statutory guidelines that relate to the custody of open records.

In sum, because the Town did not employ the statutorily mandated process to remove Auchinleck, he continues to hold the position of chief of police. Section 19.21(1), STATS., provides that a police chief, as an officer of the town, is the legal custodian of all records and property of that department. Until the office of police chief either becomes vacant or is filled by a successor, Auchinleck remains the proper custodian of the department's property and records.

*By the Court.*—Order affirmed.

---

designated records *only* when the office is vacant and requires that the records be turned over once a successor is appointed.