# C. Merrill HOUGH, Plaintiff-Respondent-Cross Appellant,††

v.

# DANE COUNTY, Defendant-Appellant-Cross Respondent.†

Court of Appeals

*No. 89-0535. Orally argued October 19, 1989.—Decided June 7, 1990.*

(Also reported in 458 N.W.2d 543.)

††Petition to cross-review denied.

†Petition to review denied.

For the defendant-appellant-cross respondent the cause was submitted on the briefs of and orally argued by *Judith H. Toole*, deputy corporation counsel, of *Dane County Corporation Counsel* of Madison.

For the plaintiff-respondent-cross appellant the cause was orally argued by *Cheryl Rosen Weston* and submitted on the briefs of *Cheryl Rosen Weston, Lester A. Pines*, and *Carol L. Grob* of *Cullen, Weston, Pines & Bach* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. Dane County appeals from a judgment awarding damages and attorney fees to C. Merrill Hough based on his claim under 42 U.S.C. sec. 1983 that the county violated his due process rights under the fourteenth amendment[1] when it terminated his employment. The central issues are (1) whether Hough had a protected property interest in continued employment, (2) if so, whether the county denied Hough procedural due process, and (3) whether the trial court abused its discretion in ruling that the county could not introduce evidence that the county board would have terminated Hough's employment had he been afforded due process.

We conclude that Hough did have a protected property interest in continued employment by virtue of sec. 59.032(2)(b), Stats. (1983–84), and that his procedural due process rights were violated. We further conclude that the trial court made the proper evidentiary ruling because the county failed to make an adequate offer of proof regarding what decision the county board would have made. Accordingly, we affirm.

---

[1]U.S. Const. amend. XIV, sec. 1.

Hough cross-appeals from the judgment. The issues raised are (1) whether the trial court abused its discretion by denying Hough's request for a declaratory judgment that the county violated sec. 59.032(2)(b), Stats. (1983–84), (2) whether the court abused its discretion by refusing to reinstate Hough, and (3) whether Hough waived his civil service rights when he became director of the Department of Emergency Planning.

Because Hough obtained damages under 42 U.S.C. sec. 1983, we conclude that the trial court did not abuse its discretion by denying Hough's requests for declaratory relief and mandamus. We need not address the waiver issue because we conclude that Hough had a protected property interest in his employment as director. We therefore also affirm that part of the judgment relating to Hough's cross appeal.

## BACKGROUND

The parties stipulated to the facts. From 1974 through 1982, Hough served as the deputy director of the Dane County Department of Emergency Planning. The deputy director position was covered by the Dane County Civil Service Ordinance. The ordinance provided that the position was terminable only for just cause and contained procedures for termination.

On October 4, 1982, County Executive Jonathan Barry appointed Hough director of the Department of Emergency Planning effective January 1, 1983. As director, Hough was the head of the department. The director's position was not a regular position under the Civil Service Ordinance. Barry terminated Hough effective October 12, 1984,[2] without filing charges with the county

---

[2]According to the stipulation the court read to the jury, "Hough served as Director of the Department of Emergency

board.

Hough sued Barry, the Dane County Board of Supervisors and the Personnel Committee of Dane County, seeking mandamus, declaratory relief, and legal and equitable remedies under state law and under 42 U.S.C. sec. 1983. The trial court dismissed Hough's complaint. We reversed and remanded for trial. *Hough v. Barry,* No. 86–1027 unpublished slip op. (Wis. Ct. App. Sept. 17, 1987).

Before trial, the parties stipulated to the dismissal of all defendants except Dane County. Based on the parties' stipulation, the trial court directed a finding that the county executive had failed to file charges against Hough with the county board. The jury found that Hough had waived his civil service rights when he accepted appointment as the director of Emergency Planning. The jury also found that the county's actions injured Hough, and it awarded him $88,742 for lost wages, $58,000 for impairment of future earning capacity, and $25,000 for emotional distress. The trial court awarded Hough $42,157 in attorney's fees under 42 U.S.C. sec. 1988.

Both parties filed motions for judgment notwithstanding the verdict. The county asked the court to overturn the jury's finding that the county's failure to file charges injured Hough. Hough requested a declaratory judgment that his discharge violated sec. 59.032(2)(b), Stats. (1983–84) and mandamus reinstating him. He also sought a judgment notwithstanding the verdict regarding the waiver of his civil service rights. The court denied all requests for post-trial relief.

---

Planning from January 1, 1984 through October 12, 1985." These dates appear to be incorrect.

## I. APPEAL

### A. HOUGH'S PROPERTY INTEREST

To have a property interest in a benefit and a right to procedural due process under the fourteenth amendment, a person must have a "legitimate claim of entitlement" to the benefit rather than a mere "unilateral expectation." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

A Wisconsin public employee has no reasonable expectation of continued employment "absent civil service regulations or laws, or the protections of a contract or collective bargaining agreement authorized by statute." *Amendola v. Schliewe,* 732 F.2d 79, 83 (7th Cir. 1984) (*citing Castelaz v. Milwaukee,* 94 Wis. 2d 513, 520, 289 N.W.2d 259, 262 (1980); *see Adamczyk v. Caledonia,* 52 Wis. 2d 270, 273-75, 190 N.W.2d 137, 138-40 (1971)).

Hough cannot rely on the Dane County Civil Service Ordinance as a source of a property right. His position was excluded from the removal-for-cause provisions of the ordinance. Dane County, Wis., Civil Service Ordinance sec. 18.05(1)(c). Nor can he claim the protections of a contract or collective bargaining agreement. Neither existed.

Rather, Hough argues that his expectation of continued employment arises from sec. 59.032(2)(b), Stats. (1983-84), which provided:

The duties and powers of the county executive shall be . . . to:

. . ..

(b) Appoint the *heads of all departments* of the county except those elected by the people and except where the law provides that the appointment shall be made by a board or commission or by other elected officers; but the county executive shall also appoint all *department heads* where the law provides that the appointment shall be made by the chairperson of the county board or by the county board, except for an appointment to fill a vacancy in an elective office. An appointment by the county executive under this paragraph requires the confirmation of the board. The county executive may file with the county board *charges* for the removal, discharge or suspension of any person appointed by the executive.

(Emphasis added.) Hough contends that, because he could not be removed without "charges" being filed with the county board, he could only be removed for cause. We agree.

Statutory interpretation is a question of law, which we determine without deference to the trial court. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). The starting point for our interpretation of a statute is the statutory language itself. *State v. Williquette,* 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986). A nontechnical term in a statute is given its ordinary and accepted meaning. *Id.* When no statutory definition for the term is provided, we may resort to a recognized dictionary for guidance. *Id.*

"Charges" is not defined in sec. 59.032(2)(b), Stats. (1983–84). We therefore look to dictionary definitions

41

for guidance. *Webster's Third New International Dictionary*, 377 (1976), defines "charge" as: "6a: an accusation of wrong or offense: allegation, indictment . . . b: a statement of complaint or hostile criticism." This definition suggests that the charges to be filed with the county board be charges of wrongdoing. Based on the ordinary meaning of "charges," we conclude that Hough had a statutory entitlement to his position, which could only be terminated for cause.

An attorney general opinion supports our conclusion. According to the attorney general, the county board could remove a department head only for cause upon charges filed by the county executive:

> The county executive has no statutory authority to unilaterally remove a department head, but may 'file, with the county board, charges for . . . removal, discharge or suspension . . .' Sec. 59.032(2)(b), Stats. Violations of work rules and the existence of oral or written reprimands might support such charges . . ..

72 Op. Att'y Gen. 161, 167 (1983).[3]

## B. HOUGH'S DUE PROCESS RIGHTS

Because he had a property interest in continued employment, Hough could not be terminated without (1) oral or written notice of the charges against him, (2) an explanation of the evidence supporting the charges, and (3) an opportunity to respond to the charges. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546 (1985).

---

[3]Attorney General opinions are of "some persuasive value when a court later addresses the meaning of the same statute." *Town of Vernon v. Waukesha County,* 102 Wis. 2d 686, 692, 307 N.W.2d 227, 230 (1981).

██ Hough's due process rights included the right to have the proper decisionmaker hear the charges against him, hear his response to the charges, and determine whether he should be terminated. *Morgan v. United States,* 298 U.S. 468, 480-81 (1936); *Hawkins v. Board of Public Education,* 468 F. Supp. 201, 209-10 (D. Del. 1979).

Under sec. 59.032(2)(b), Stats. (1983-84), the county board, not the county executive, had the authority to terminate Hough. Because Barry, rather than the county board, terminated Hough, his procedural due process rights were violated.

### C. THE APPROPRIATE REMEDY AND THE MOTION IN LIMINE·

Once Hough established a violation of his procedural due process rights, the burden shifted to the county to prove that the board would have terminated Hough's employment if no due process violation had occurred. *Carey v. Piphus,* 435 U.S. 247, 260 (1978) (*citing Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 285-87 (1977)). Hough's right to certain remedies depended on whether the board would have terminated him, even absent the procedural due process violation. *Carey,* 435 U.S. at 259-64; *Wilson v. Taylor,* 658 F.2d 1021, 1032-35 (5th Cir. 1981). If the board would have terminated Hough, he would be entitled to those damages he could actually prove resulted from the deprivation of procedural due process.[4] *Carey,* 435 U.S. at 262-64; *Wilson,* 658

---

[4]Having established a violation of his procedural due process rights, Hough was entitled to nominal damages if he could not prove actual injury. Nominal damages are available because the right to procedural due process is absolute. *Carey,* 435 U.S. at 266.

F.2d at 1032-35. If, however, the board would not have terminated Hough, he would be entitled to damages for the loss of employment.

The county argues that the trial court erred by preventing it from showing what the board would have done. Hough brought a motion *in limine* to exclude testimony relating to any alleged factual basis justifying his discharge. The county opposed the motion, arguing that the jury should be allowed to determine whether the county board would have fired Hough. The county contended that, whoever the decisionmaker, the jury should be allowed to determine whether sufficient cause existed for Hough's discharge. The court granted Hough's motion, ruling that no one "could tell what the County Board would have done in this circumstances."[5] We affirm the ruling.

While it is difficult to prove what a public body would have done, such proof is necessary under *Carey*. To meet its burden, the county needed to present evidence from which the jury could reasonably conclude that the county board would have terminated Hough had Barry filed charges under sec. 59.032(2)(b), Stats. (1983-84), and had the board afforded Hough due process.

---

[5] While the trial court ruled that evidence regarding the reasons for and the circumstances surrounding Hough's termination were not relevant to whether he had been denied procedural due process or whether the county board would have terminated him after notice and hearing, the court allowed the evidence to come in as relevant to Hough's damages. The court accepted the county's argument that this evidence was relevant to the emotional harm Hough suffered. If he had known that the county executive was dissatisfied with his work performance, then Hough could not claim that his termination was a total surprise. This ruling is not challenged on appeal.

The county made an offer of proof by way of Barry's testimony, regarding the reasons he terminated Hough. He was dissatisfied with Hough's job performance. According to Barry, Hough did not manage the department's resources well, he failed to consummate contracts with emergency medical services, the county lost federal funding because Hough failed to get reports in on time, and he failed to carry out some of Barry's directives.

The county's offer of proof was inadequate. Although the county's evidence may have shown that cause existed for Hough's termination, the jury could not reasonably infer from that evidence what action the board would have taken. Had the offer of proof shown malfeasance or criminal conduct, the jury could have inferred that the county board would have terminated Hough. Without that type of evidence or other evidence showing what action the board would have taken, the county could not meet its burden.

We conclude that the trial court did not err by ruling that the county was unable to prove that the county board would have terminated Hough. Because the county failed to meet its burden, Hough was entitled to damages for the improper deprivation of his employment.[6]

## D. THE JURY'S DAMAGES AWARD

[6]Hough does not argue that the trial court should have awarded him reinstatement and back pay under his sec. 1983 claim. Therefore, we do not consider whether an award of reinstatement and back pay would have been appropriate here. Hough, however, does argue that the trial court abused its discretion by not awarding reinstatement and back pay under his state law claim. We address that argument below.

The jury awarded Hough damages in the amount of $171,742: $88,742 for lost wages, $58,000 for impairment of future earning capacity, and $25,000 for emotional distress. The county challenges the award on two grounds.

The county contends that the evidence does not support the award. In essence, it contends that Hough's damages should be limited to the injury, if any, he suffered from the deprivation of procedural due process. According to the county, Hough was not entitled to damages for the loss of employment. We disagree. Because the county did not prove that the county board would have terminated Hough if no due process violation had occurred, Hough was entitled to compensation for the substantive deprivation.

The county also argues that public policy requires that we deny Hough damages because his injury is too remote and wholly out of proportion to the wrong. *Rieck v. Medical Protective Co.,* 64 Wis. 2d 514, 517–18, 219 N.W.2d 242, 244 (1974). We disagree. Hough was entitled to the damages he proved resulted from the loss of employment, including damages for lost wages, impairment of future earning capacity, and emotional distress.

### E. RETROACTIVITY OF SEC. 59.031(2)(br), STATS.

Under the current statutes, the director of Emergency Planning serves at the pleasure of the county executive. Sec. 59.031(2)(br), Stats. Section 59.032(2)(b), Stats. (1983–84), was repealed, and the new law became effective July 20, 1985. The county argues that we should give retroactive effect to sec. 59.031(2)(br) or that we should at least determine that the new statute extin-

guished any claim Hough might have as of July 20, 1985. We disagree.

Statutes are to be construed as relating to future rather than to past acts. *Gutter v. Seamandel,* 103 Wis. 2d 1, 17, 308 N.W.2d 403, 411 (1981). Statutes are not given retroactive effect unless the legislature clearly expresses a contrary intent. *Davison v. St. Paul Fire & Marine Ins. Co.,* 75 Wis. 2d 190, 200, 248 N.W.2d 433, 439 (1977). A legislature may not constitutionally enact a law impairing existing rights acquired under prior law. *State ex rel. Briggs & Stratton v. Noll,* 100 Wis. 2d 650, 656, 302 N.W.2d 487, 491 (1981).

We see no intent on the part of the legislature that sec. 59.031(2)(br), Stats., apply retroactively. We conclude, therefore, that Hough's property interest in his employment under sec. 59.032(2)(b), Stats. (1983–84), was not affected by sec. 59.031(2)(br). Having found no intent that the new statute apply retroactively, no constitutional issue arises. We also see no merit in the county's contention that Hough's damages should somehow be limited because of the subsequent change in the law.

## F. ISSUES RAISED FOR THE FIRST TIME ON APPEAL

The county argues that Hough did not prove that any county action caused his injuries because he did not show that the county executive's failure to file charges with the county board was pursuant to any policy or custom of the county. The county also argues that Hough could not maintain his sec. 1983 action because he had an adequate post-deprivation remedy at state law and because he failed to take advantage of the processes

47

available to him. The county also argues that Hough's damages should be reduced pursuant to sec. 893.80(3), Stats.

These issues were not raised or considered in the trial court. As a general rule, this court will not consider issues raised for the first time on appeal; therefore, we decline to address these issues. *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977).

## II. CROSS-APPEAL

In addition to his sec. 1983 claim, Hough brought claims based on state law, requesting that the trial court declare that the county had violated sec. 59.032(2)(b), Stats. (1983-84), by the county executive's failure to file charges with the county board. Based on the violation of the statute, Hough sought a writ of mandamus ordering his reinstatement, among other things.

### A. DECLARATORY JUDGMENT

The trial court in its discretion may grant declaratory relief if a justiciable controversy exists. *Loy v. Bunderson,* 107 Wis. 2d 400, 410, 320 N.W.2d 175, 182 (1982); sec. 806.04, Stats. "[D]eclaratory relief is appropriate wherever it will serve a useful purpose." *Lister v. Board of Regents,* 72 Wis. 2d 282, 307, 240 N.W.2d 610, 625 (1976). The existence of an alternative remedy may preclude declaratory relief. *Id.* at 307-308, 240 N.W.2d at 625.

Hough claims that the trial court abused its discretion by denying his request for a declaratory judgment. The trial court denied the requested relief because "[a]

separate declaratory ruling on that issue would make no difference and would confer no additional benefit on Hough." In other words, the trial court denied the relief because Hough had been awarded damages in his sec. 1983 claim and therefore had an adequate alternative remedy. We conclude the trial court did not abuse its discretion.

## B. MANDAMUS

Mandamus is an extraordinary legal remedy, which can be used to compel a public officer to perform his or her statutory duties, when appropriate. *Vretenar v. Hebron,* 144 Wis. 2d 655, 661, 424 N.W.2d 714, 716 (1988). It is within the circuit court's discretion to grant or deny a writ of mandamus. *State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 171, 346 N.W.2d 457, 459 (1984). We will affirm the decision to grant or deny a writ unless the court abused its discretion. *Id.* at 171, 346 N.W.2d at 459-60.

Mandamus will not lie unless the petitioner establishes: "(1) a clear legal right; (2) a plain and positive duty; (3) substantial damages or injury should the relief not be granted, and (4) no other adequate remedy at law." *State ex rel. S.M.O.,* 110 Wis. 2d 447, 449, 329 N.W.2d 275, 276 (Ct. App. 1982).

Hough claims the trial court abused its discretion in denying the writ. We disagree. Mandamus is not appropriate because Hough has an adequate remedy at law in his sec. 1983 claim.

Hough contends that mandamus is appropriate because he had no adequate *state* law remedy. Hough cites no authority for this proposition, and we decline to

consider it. *State v. Shaffer*, 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980).

## C. WAIVER OF CIVIL SERVICE RIGHTS

In his cross appeal, Hough also challenges the jury's verdict that he waived the civil service rights he had as deputy director of Emergency Planning when he became the director. We need not address this issue in light of our conclusion that Hough had a property interest in his employment by virtue of sec. 59.032(2)(b), Stats. (1983–84).

*By the Court.*—Judgment affirmed.