Katherine G. UNERTL, Plaintiff-Appellant,†

v.

DANE COUNTY, and Richard J. Phelps, in both his official and personal capacities, Defendants-Respondents.

Court of Appeals

*No. 94–0303. Submitted on briefs November 14, 1994.—Decided December 8, 1994.*

(Also reported in 526 N.W.2d 775.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Richard V. Graylow* of *Lawton & Cates, S.C.* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Rodney F. Knight*, deputy corporation counsel, of *Dane County Corporation Counsel* of Madison.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

VERGERONT, J. Katherine Unertl appeals from a summary judgment dismissing her complaint against Dane County and Dane County Executive Richard Phelps. The complaint alleges that the County[1] violated both Unertl's right to due process and her contractual rights when it reduced her pay and later terminated her employment. We conclude that neither Unertl's constitutional or contractual rights were violated, and we affirm the trial court.

The relevant facts are not in dispute. Unertl was appointed director of Dane County's Department of Emergency Planning by former County Executive Jonathan Barry; her appointment was confirmed by the Dane County Board of Supervisors (county board) on April 18, 1985. She served in that position under County Executive Roderick Matthews, who was appointed to fill the remainder of Barry's term, and under Phelps, who took office on April 14, 1988.

At the time Unertl was appointed by Barry, § 59.032(2)(b), STATS., 1983-84, provided in part:

---

[1] Dane County and Phelps are collectively referred to as "the County."

(2) The duties and powers of the county executive shall be . . . to:

. . . .

(b) Appoint the heads of all departments of the county . . . . An appointment by the county executive under this paragraph requires the confirmation of the board. The county executive may file with the county board charges for the removal, discharge or suspension of any person appointed by the executive.

Effective July 20, 1985, § 59.032(2)(b), STATS., 1983-84, was repealed and replaced by, among other paragraphs, § 59.031(2)(br), STATS., applicable to Dane County, which provides:

(2) The duties and powers of the county executive shall be, without restriction because of enumeration . . .:

. . . .

(br) In any county with a population of less than 500,000, appoint and supervise the heads of all county departments . . . . Any department head appointed by a county executive under this subsection may be removed at the pleasure of the county executive . . . .

On September 10, 1990, Phelps notified Unertl that because of unsatisfactory job performance he was reducing her salary to the beginning of the salary range assigned to her classification as a first step in disciplinary action against her. On February 13, 1992, Phelps gave Unertl written notice of certain charges against her concerning her unsatisfactory job performance. The notice informed Unertl of a "pre-disciplinary" meeting on the charges in Phelps's office and stated that the meeting was "prior to any decision on imposing discipline, including but not limited to discharge."

By written stipulation between Unertl's counsel and the County, Unertl chose to forgo the in-person meeting and instead to respond in writing to the charges. She also agreed that she was waiving any claim to an in-person meeting and that she would not raise the lack of an in-person meeting as an issue in any proceeding related to action that might be taken against her as a result of the pending charges. By letter dated February 21, 1992, Phelps notified Unertl that she was discharged effective that date and stated the reasons for discharge. Phelps informed Unertl in the letter that she could appeal to the Dane County Civil Service Commission (commission) and provided details on the appeal procedure.

Unertl appealed the decision to the commission, at the same time challenging the jurisdiction of the commission on the ground that the commission had authority only over county employees in classified service and Unertl's position was excluded from classified service. The commission agreed it had no jurisdiction. Phelps then offered to have Unertl's appeal heard by a third party neutral, stating he would be bound by the neutral's decision. Unertl, through counsel, rejected this offer, stating that procedural due process should have been afforded prior to the discharge.

Unertl's complaint alleged that the reduction in salary and the termination violated her right to due process under both the Wisconsin and United States Constitutions, and also constituted a breach of her employment contract with the County. The terms of that employment contract, the complaint alleged, were the terms of § 59.032(2)(b), STATS., 1983-84, other applicable statutes, applicable ordinances and county personnel procedures. The trial court granted the County's motion for summary judgment. It concluded

that the repeal of § 59.032(2)(b), 1983-84, eliminated any constitutional and contractual rights Unertl had, and also concluded that even if that statute applied, the procedures afforded Unertl were constitutionally sufficient. The trial court held that Unertl had no constitutional or contractual protection regarding the salary reduction.

■

Unertl's claims that the County's actions violated her constitutional and contractual rights present questions of law which we review de novo, without deference to the trial court's conclusions. *Hough v. Dane County*, 157 Wis. 2d 32, 41, 458 N.W.2d 543, 547 (Ct. App. 1990).

■

Whether Unertl's right to procedural due process was violated by her termination depends on two separate inquiries.[2] First, did she have a protected property interest in her employment as a matter of substantive law? Second, if she did, what process is due before she can be deprived of that interest? *Listenbee v. City of Milwaukee*, 976 F.2d 348, 351 (7th Cir. 1992). Whether Unertl has a substantive property interest in her employment depends on state law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The question of what process is due is a matter of constitutional law. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541

---

[2] Unertl claims violations of both the due process clause of the Fourteenth Amendment to the United States Constitution and article I, section 1 of the Wisconsin Constitution. Because the state constitutional provision is substantially the same as the federal due process clause, analysis of the federal clause is applicable to the state constitutional provision. *See Lathrop v. Donohue*, 10 Wis. 2d 230, 235, 102 N.W.2d 404, 407 (1960), *aff'd*, 367 U.S. 820 (1961).

(1985). We do not reach the second issue because we conclude that Unertl did not have a protected property interest in her employment.

An employee who can only be terminated for cause under state law has a protected property interest in his or her employment. *State ex rel. DeLuca v. Common Council of Franklin*, 72 Wis. 2d 672, 678, 242 N.W.2d 689, 693 (1976). Unertl claims that § 59.032(2)(b), STATS., 1983-84, establishes this interest. In *Hough*, we held that the phrase "charges" in § 59.032, STATS., 1983-84, meant "for cause." *Hough*, 157 Wis. 2d at 42, 458 N.W.2d at 547. However, § 59.032, STATS., 1983-84, was in effect both at the time Hough was appointed by County Executive Barry and at the time he was discharged by Barry. The issue presented in this case is whether the change in the statute to remove the "for cause" requirement after Unertl was first appointed has the effect of extinguishing her property interest in her employment after the expiration of Barry's term.

Were Unertl a civil service employee,[3] her property interest in her employment would survive the repeal of § 59.032(2)(b), STATS., 1983-84. *See Bahr v. State Inv. Bd.*, 186 Wis. 2d 379, 521 N.W.2d 152 (Ct. App. 1994). But her status as an appointed employee requires a different result.

In the absence of any statute to the contrary, a municipal officer who is appointed, not for a fixed term, serves at the pleasure of the appointing officer and may be removed at any time. *Adamczyk v. Town of Caledonia*, 52 Wis. 2d 270, 275, 190 N.W.2d 137, 140 (1971).

---

[3] Section 18.05, DANE COUNTY ORDINANCES, exempts the position of emergency planning director from the civil service ordinance.

In the absence of a statute fixing the length of a term, the term of an appointed officer expires with the expiration of the term of the appointing entity. *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1331 (7th Cir. 1989). Unertl points to no statute or ordinance that fixes the term of the director of the Department of Emergency Planning. Therefore, the term of her appointment by Barry expired at the end of Barry's term.

The County argues that Unertl then became a "holdover" employee, apparently meaning that Phelps did not appoint Unertl to the position that she occupied from his election in 1988 until she was discharged. The record contains no material from which we can determine whether Unertl was appointed by Phelps.[4] But, whether or not Unertl was appointed by Phelps, her right to be fired only for cause did not survive the expiration of Barry's term. If she was appointed by Phelps, at that time the applicable statute provided that she could be terminated at the pleasure of the county executive. If she was not appointed by Phelps, then she was subject to removal by him at any time as a holdover employee. *See Wolf*, 870 F.2d at 1331.

Since Unertl did not have the right, after the expiration of Barry's term, to be fired only for cause, it follows she did not have a property interest in her employment after that date. She therefore was not entitled to any procedural protections under either the state constitution or federal constitution at the time Phelps discharged her.

---

[4] The record contains the county board's minutes of Barry's appointment of Unertl. The submissions by the County do not indicate whether Unertl was appointed by Phelps, or what her status was.

Unertl also relies on § 59.032(2)(b), STATS., 1983-84, as the basis for her claim that she had a property interest in her salary.[5] That statute refers only to "removal, discharge or suspension." Apparently Unertl's position is that having a protected property interest in continued employment is the same as having a protected property interest in a particular salary. We do not reach the merits of this position because whatever rights Unertl had in continued employment under that statute ended with Barry's term. Having no protected property interest in continued employment, Unertl had no protected property interest in any particular term of her employment, such as salary. *See Lillehaug v. City of Sioux Falls*, 788 F.2d 1349, 1352 (8th Cir. 1986). She was therefore not constitutionally entitled to any procedural protections prior to a salary reduction by Phelps.

Unertl refers throughout her brief to her constitutional and contractual rights. However, she does not distinguish her contractual rights from her constitutional rights and does not explain whether and how a contract claim might exist in the absence of a constitutional violation. We decline to address arguments that are not adequately briefed. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633, 642 (Ct. App. 1992).

*By the Court.*—Judgment affirmed.

---

[5] Unertl refers to § 18.13, DANE COUNTY ORDINANCES, which provides that the salary of civil service employees may be reduced for just cause. However, Unertl concedes that her position was not a civil service position, and she does not explain why this ordinance has any relevance.