73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gerald E. LANG, Plaintiff-Appellant,
v.
Thomas CUENE, County Executive, and Brown County,
Defendants-Appellees.
 No. 95-1601.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 30, 1995.
Decided Dec. 27, 1995.
 
 Before CUMMINGS, RIPPLE, and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In April 1979, plaintiff was appointed Director of the Brown County, Wisconsin, personnel department. However, he did not have a written employment contract. In 1987, defendant Thomas Cuene was elected Brown County Executive. On April 9, 1992, Cuene asked plaintiff to resign or otherwise be terminated under Section 59.031(2) of the Wisconsin Statutes. That section provides that any department head appointed by a county executive may be removed without cause. The following day plaintiff submitted a letter of resignation.
 
 
 2
 On May 18, 1992, Plaintiff filed a complaint with the Wisconsin Department of Industry, Labor and Human Relations, Equal Rights Division, alleging that he was terminated through age discrimination. A few days later, while this claim was still pending, he filed a complaint in the court below, naming Cuene and Brown County as defendants. The Equal Rights Division forwarded plaintiff's age discrimination complaint to the Equal Employment Opportunity Commission in June, which chose to defer to the state agency to process the complaint. The state agency, however, placed the complaint in abeyance pending the outcome of this lawsuit. In February 1995, the district court dismissed plaintiff's action with prejudice, granting summary judgment to defendants. We review the district court's grant of summary judgment de novo. Hedberg v. Indiana Bell Telephone Co., 47 F.3d 928, 931 (7th Cir.1995).
 
 Property Interest in Continued Employment
 
 3
 Plaintiff claims that he has a property right in his continued employment with Brown County requiring that he not be discharged without due process. Wisconsin courts resolve the existence of a property interest in continued employment by determining whether the employment is at will or for cause. Fittshur v. Village of Menominee Falls, 31 F.3d 1401, 1405 (7th Cir.1994). Employment is presumed to be at will unless there are civil service regulations, laws, a contract or collective bargaining agreement stating otherwise. Id.; Vorwald v. School District of River Falls, 167 Wis.2d 549, 557, 482 N.W.2d 93 (1991).
 
 
 4
 Initially, plaintiff claims that Section 59.032 of the Wisconsin Statutes, which was in effect when he was appointed, grants him a property interest. However, that section was replaced by Section 59.031(2), which was in effect at the time plaintiff resigned and is controlling here. It provides in part that "[a]ny department head appointed by a county executive under this subsection may be removed at the pleasure of the county executive." In Unertl v. Dane County, 190 Wis.2d 145, 151, 526 N.W.2d 775, 778 (1994), the Wisconsin Court of Appeals held that a person in plaintiff's shoes has no protected property interest in continued employment.
 
 
 5
 The term of plaintiff's appointing entity, Donald Holloway, expired in 1987 when he was succeeded by defendant Cuene. Although the record does not show whether Cuene officially reappointed plaintiff when Holloway's term expired, plaintiff was an at-will employee regardless: If he was not reappointed, and therefore not subject to termination pursuant to Section 59.031(2) Wis.Stats., then he was merely a hold-over employee and still terminable without cause. Unertl, 526 N.W. at 778; See also Wolf, 870 F.2d at 1328 (holding that under Wisconsin law a municipal employee who continues to serve after the term of the officer who appointed her is merely a "hold-over" employee removable by the successor officer at any time rather than having a protected property interest in continued employment).
 
 
 6
 Next plaintiff claims that he had a property interest pursuant to internal regulations. However, plaintiff has pointed to no specific personnel rule that created that interest. Indeed, two months before plaintiff's termination, revised rules were adopted by the Brown County Board. Those new rules contained no savings clause with respect to previous 1978 rules and explicitly permit county executives to remove any department head previously appointed by a county executive without cause. Plaintiff, who participated in drafting the new rules, has not shown any valid reason why he should not be governed by them. Plaintiff only asserts that it was his understanding that he would be governed by the 1978 rules, which do not contain a provision allowing for removal of employees without cause.
 
 
 7
 Finally, plaintiff argues that "implied agreements during the 20 plus years of his employment" gave him a protected property interest (Br. 4). However, because that argument was not made in the district court, we will not consider it. Sere v. Board of Trustees, 852 F.2d 285, 287-288 (7th Cir.1988).
 
 
 8
 Plaintiff failed to demonstrate a protected property interest in his continued employment. Therefore, his procedural due process claims under both the United States and Wisconsin Constitutions were properly dismissed.
 
 Plaintiff's ADEA claim
 
 9
 The Age Discrimination Employment Act ("ADEA") provides it is unlawful for an employer to discharge an individual forty years of age or older because of his age. However, Section 630(f) of the ADEA exempts from its coverage individuals who are appointees of an elected official on a policymaking level. Plaintiff argues that this exemption was repealed by the 2 U.S.C. Sec. 1220, which extends the protection of the Government Employee Civil Rights Act of 1991 (GECRA) to individuals chosen or appointed by a person elected to public office in any state, including individuals appointed to serve the elected official at the policy making level. The GECRA prohibits discrimination within the meaning of the ADEA.
 
 
 10
 Defendants argue that plaintiff has waived this argument because he failed to bring Sec. 1220 to the district court's attention. However, we need not decide whether the issue was waived because the district court simply had no jurisdiction over the ADEA claim. Enforcement of rights under the GECRA is specifically limited to those procedures listed in Sec. 1220. That section provides that an individual must "file a complaint alleging a violation ... with the Equal Employment Opportunity Commission." It is only after a final order is issued by the EEOC that a district court can provide judicial review. 2 U.S.C. Sec. 1220(c). Because no final administrative order from the EEOC existed, the district judge did not have jurisdiction over the ADEA claim. Box v. A & P Tea Co., 772 F.2d 1372, 1376 (7th Cir.1985), certiorari denied, 478 U.S. 1010.
 
 Wisconsin Fair Employment Act Claim
 
 11
 Finally, plaintiff claims that he was terminated contrary to Section 111.321 of the Wisconsin Statutes. That section provides that age discrimination is prohibited as a matter of public policy of the State of Wisconsin. However, the record shows that his age discrimination claim based on that provision was dismissed for failure to exhaust remedies at the administrative level. Because the Wisconsin Fair Employment Act provides specific administrative remedies, plaintiff was obliged to exhaust them prior to seeking relief from the district court. Becker v. Automatic Garage Door Co., 156 Wis.2d 409, 412-414, 456 N.W.2d 888, 889-890 (Ct.App.1990); Johnson v. Wis. Pub. Service Corp., 708 F.Supp. 969 (E.D.Wis.1987).
 
 
 12
 The order dismissing this action is affirmed.