111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence S. BUNDY and Margaret Anne Bundy, Plaintiffs-Appellants,
v.
UNIVERSITY OF WISCONSIN--EAU CLAIRE, et al., Defendants-Appellees.
 No. 96-3213.
 United States Court of Appeals, Seventh Circuit.
 Argued March 4, 1997.
Decided April 7, 1997.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Bundy sued the University of Wisconsin--Eau Claire (UWEC or "University") and various of its officials, claiming that they violated his constitutional right to due process by terminating his employment without cause. The defendants removed his civil rights action, brought under 42 U.S.C. § 1983, to federal court. Bundy's central argument is that even though he was never formally granted a position terminable for cause, the University's conduct during his lengthy employment entitled him to "de facto indefinite status" and consequent procedural protection before termination. The district court granted summary judgment, holding that Bundy was an employee at will with no property interest in his employment and hence not entitled to due process; the court then remanded his state law tort claims.[1] We affirm.
 
 
 2
 Bundy commenced employment with the University in 1979 and served in a variety of capacities until the University declined to renew his contract beyond 1995. He was initially given a one-year limited appointment in administrative work, plus a two-year concurrent probationary appointment with the academic staff. His offer of employment explained that the concurrent appointment was a back-up to the limited appointment, to be available if the limited appointment were terminated by either party. Thereafter, Bundy served in a series of limited appointments from 1979 to 1993, then in two successive one-year fixed term appointments. The University informed him in 1994 that it did not intend to renew his contract for the 1995-1996 fiscal year. This litigation ensued.
 
 
 3
 The Wisconsin administrative code provides for a variety of different appointments. A limited administrative appointment provides the least job security: it is terminable at the pleasure of the appointing official. Wis.Admin.Code § 15.01. A fixed term academic appointment specifies a term of service, but provides no expectation of employment beyond the stated term. Id. § 10.03(1). A probationary academic appointment is essentially a tenure track position that may lead to an indefinite appointment, but which may last no more than seven years and which provides no procedural protection against nonrenewal. Id. §§ 10.03(2)(a), 10.04(1). Finally, and in contrast to these other appointments, an indefinite academic appointment is permanent and terminable only for cause (or for certain other reasons not relevant here). Id. § 10.03(2)(b).
 
 
 4
 The UWEC Faculty and Academic Staff Handbook establishes additional procedures in parallel with these regulations. It cautions that "[a]n indefinite appointment is not acquired solely by years of service, but is the result of an affirmative review process." UWEC Handbook § 10.03(2)(b). The Handbook states that an employee may be promoted from probationary to indefinite status following a formal review held at any time, but "not later than the end of the sixth year of probationary service." Id. §§ 10.03(3)(c)(1), 10.03(5). When the University hired Bundy, it credited three years of his prior experience towards this probationary service period. However, no affirmative review was ever held, nor was Bundy ever granted indefinite status.
 
 
 5
 The question presented is straightforward: did Bundy possess a substantive property interest in his employment? Without a property right, the Fourteenth Amendment would not entitle him to any procedural due process such as notice and an opportunity to be heard. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). A property interest is not conferred by the employee's unilateral expectation; rather he must show a "legitimate claim of entitlement to it," the existence of which is determined here by reference to Wisconsin law. Id. at 577; Border v. City of Crystal Lake, 75 F.3d 270, 273 (7th Cir.1996). "A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract--those 'rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' " Id. (quoting Roth, 408 U.S. at 577).
 
 
 6
 "Under Wisconsin law, employment at will is the rule," and employees at will have no property interest in their employment unless a regulation, law, contract, or collective bargaining agreement provides otherwise. Vorwald v. School Dist. of River Falls, 482 N.W.2d 93, 96 (Wis.1992). It is well established in Wisconsin that "[a]n employee who can only be terminated for cause under state law has a protected property interest in his or her employment," Unertl v. Dane County, 526 N.W.2d 775, 777 (Wis.App.1994), but Bundy admits he was never formally granted an indefinite appointment, which he concedes is the only permanent appointment that is terminable for cause and which would grant him the necessary property interest under Wisconsin law. Nevertheless, he argues that the concurrent probationary appointment he received in 1979 ripened into a "de facto indefinite appointment" because it was never terminated (which he infers from never having received a notice of nonrenewal after the two-year probationary term expired in 1981) and because the University "waived" its right to conduct a formal review when he completed the requisite six years of probationary service in 1982 by failing to review him, either then or in the years thereafter. Bundy points to no affirmative conduct indicating waiver, but instead relies on the University's repeated renewal of his limited and fixed-term contracts. He insists that had a review been undertaken, he would have received an indefinite appointment. Bundy admits, however, that he never requested review until his termination was imminent.
 
 
 7
 The appellees raise several arguments in response, but it is unnecessary to address them because Bundy's claim fails of its own weight.[2] Bundy is attempting to do precisely what the plain language of the Wisconsin administrative regulations and UWEC Handbook states he can not do, which is claim that he is entitled to indefinite status by the mere passage of time. He also ignores or distorts other provisions, such as reading the requirement of the UWEC Handbook that a probationary appointee must either be granted indefinite status or terminated within seven years to mean that because he survived more than seven years he was granted indefinite status. This is not a reasonable inference from the plain language of the rules.
 
 
 8
 In his reply, Bundy advances additional arguments why the University should be estopped to deny his indefinite status or should be found to have established an implied contract. Generally, arguments raised for the first time in a reply brief are deemed waived. Cir.R. 28(f) ("A reply brief shall be limited to matter in reply."); see, e.g., Parrillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1250 (7th Cir.1996). But it does not matter because Bundy's arguments are unpersuasive. He argues, for example, that the University has applied the rules inconsistently because it has promoted limited appointees to indefinite status without regard to their number of years of probationary service. He cites several examples of individuals who were promoted after formal review having served concurrent probationary terms other than six years. But even assuming that this is inconsistent behavior, it is irrelevant to Bundy's case, as he fails to point to even one similarly situated individual who attained indefinite status without formal review. Bundy simply identifies nothing that could have reasonably or even plausibly led him to believe that he was exempt from the explicit written requirements of his contract and the published policies of the University. In sum, he has failed to show a genuine dispute of material fact as to whether he possessed a property interest in his employment.
 
 
 9
 Bundy's situation is analogous to that of the assistant professor in Upadhya v. Langenberg, 834 F.2d 661 (7th Cir.1987), who believed that his one-year appointment to a five-year tenure track position carried with it the University of Illinois's commitment to give him a full five years to prove himself. We held that the dispute boiled down to Upadhya's misunderstanding, and that his belief, however sincere, that he was entitled to job protection was insufficient to overcome the objective scope of the employment relationship. Id. at 665 ("Upadhya's claim is based on his understanding of what was said to him, rather than on the words the University used or a reading of its Statutes."). Likewise, despite Bundy's apparently sincere belief that he was entitled to job protection, his private expectation was unreasonable, and thus his constitutional claim was properly denied.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 At the outset, the district court also recognized that the University is not a suable entity under section 1983, Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), and that Margaret Bundy, who is Lawrence Bundy's wife, has no constitutional claim. These parties were presumably included in the complaint because of Bundy's pendent state law claims
 
 
 [2]
 The appellees argue persuasively, for example, that Bundy's concurrent probationary appointment only served as a dormant back-up to his limited appointment and was never "activated," thus Bundy never performed any probationary service beyond the initial three years of credit. They also argue that the probationary appointment terminated conclusively in 1981